**CLEVELAND, (City) et., Appellant, v DIVISION 268 OF
AMALGAMATED ASSN. OF STREET ELECTRIC RAILWAY
AND MOTOR COACH EMPLOYEES et., Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21051.   Decided March 15, 1948.

Robert J, Shoup, for plaintiff-appellant.
Dan Duffy, Bernard Friedman, Cleveland, for defendant-appellees.

## OPINION

By HURD, PJ.

This matter comes to this court at this time upon the motion of plaintiff appellant for a temporary restraining order "in accordance with the prayer of plaintiff's petition in case No. 587223 of the Common Pleas Court" which case has been docketed in this court on appeal on questions of law from the final order of the common pleas court dismissing the petition in said action..

The form of application requires reference to the original petition filed February 12, 1948, the prayer of which is as follows:

"WHEREFORE, plaintiff prays that, pending final hearing and determination of the issues hereof, a restraining order be issued forthwith against the defendants, and each and all of them, their officers, agents, members and employees and of others to whom knowledge of this order should come, restraining and enjoining them:

1. From interfering in any manner whatsoever with the plaintiff's officers, supervisors, agents, employees and representatives in the operation of plaintiff's car lines; and from interfering by force, intimidation or threats, in any manner whatsoever with those of plaintiff's employees carrying out the orders and regulations of plaintiff's supervisors, officers and agents;

2. From protecting, aiding or abetting or assisting any one in the commission of said acts;

3. From counselling, advising, directing or ordering any of plaintiff's employees to violate the provisions of §17-8 GC;

4. From intimidating, coercing or unlawfully influencing plaintiff's employees from remaining in or from assuming their required public employment and from inducing, coercing or intimidating plaintiff's employees to stop their work or to abstain in whole or in part from the full faithful and proper performance of their duties.

5. From interfering with the egress from plaintiff's car houses of any of plaintiff's cars;

and that upon final hearing, said order be made permanent, and for such order and further relief as the plaintiff may be entitled within the premises."

At the time of the filing of the petition in common pleas court the appellant herein filed affidavits in support of its application for a temporary order and on February 12, 1948, the court made an entry allowing a temporary restraining order as prayed for. Thereafter the case came before the trial court for trial on the merits on March 2, 1948 at which time at the conclusion of the opening statements the defendants moved the court for judgment, which motion was granted, the injunction denied and the petition dismissed.

It is from the final order of the court that this action is here upon appeal and the temporary restraining order is prayed for pending decision on appeal.

While injunction in Ohio is to a certain degree statutory, it has always been recognized to be equitable in its nature and subject to all the rules of courts of chancery. It is frequently denominated as "the strong arm of the law" or "of equity" and is often characterized as "summary" high or "extraordinary."[1]

Injunction is essentially a preventive remedy designed to guard against future injury rather than to afford redress for wrongs already suffered.

Concerning the effect of change in conditions, we find the following in 21 O. Jur. 993, paragraph 10:

"The principle that the extent and nature of the relief granted by a court of equity will be determined by the facts as they exist at the time of the decree and not, as at law, according to those existing at the inception of the litigation, applies to actions for injunctions with particular force by reason of the fact that injunctions must operate in the future. Accordingly, even though there may have been a right to an injunction as matters stood at the institution of the action in which it is sought, the injunction will not be granted

1. See 21 O. Jur. 990, paragraph 7.

if at the time of the hearing conditions are so changed that no unlawful act is threatened. * * * This rule applies not only to changes occurring while the action is pending in the court of original jurisdiction, **but also to those which occur while it is pending in an appellate court.**" (Emphasis ours.)

Generally speaking, injunctions and restraining orders should be granted only to prevent injustice and unnecessary and irreparable injury and a party applying for an injunction must show a clear right or a well defined right. These observations with respect to the legal principles applicable to injunctions generally, have equal application to temporary injunctions or restraining orders.

The purpose of a preliminary or temporary injunction or restraining order is to preserve the status quo of the parties and their rights pending final adjudication of the cause upon the merits.

Sec. 11876 GC, in respect of the allowance of a temporary injunction reads as follows:

"When it appears by the petition that the plaintiff is entitled to the relief demanded and such relief or any part of it consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce great or irreparable injury to the plaintiff, or when, during the litigation, it appears that the defendant is doing or threatens or is about to do, or is procuring or suffering to be done some act in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual, a temporary order may be granted, restraining such act. When specially authorized by statute, such order also may be granted."

Upon analysis of this section it will be noted that under the statute it must be made to appear "that the defendant is doing or threatens or is about to do * * * some act in violation of plaintiff's rights respecting the subject of the action" to justify the court in granting an order restraining such acts.

Upon the hearing of the case in this court a copy of the affidavits was presented as evidence precisely in the same form as those filed with the trial court on February 12, 1948, with the exception that the affidavits now before us are verified as of March 4, 1948. The only additional affidavit is that signed by Donald C. Hyde, also dated March 4, 1948 in which are cited certain statements alleged to have been made by one Thomas P. Meaney, defendant appellee herein, as quoted in the public press of this city. No other evidence was offered.

502

The record before us indicates that since the issuance of the temporary restraining order on February 12, 1948, there have been no overt acts or acts of interference such as those complained of in the petition of the plaintiff.

Although the defendants were in open court the appellants did not call them for cross-examination nor produce any evidence of any kind excepting the affidavit quoting newspaper statements and the affidavits originally filed on February 12, 1948.

The newspaper statements are at best hearsay and cannot be accepted by us as evidence.

In view of the complete failure to produce evidence showing or tending to show facts or conditions existing at the time of the application indicating any wrongful or illegal acts, or any threatened injury such as that complained of in the petition, we find that appellants have failed to establish a clear right to injunctive process at this time.

The trial court, as is disclosed by the record, upon evidence then produced issued a temporary restraining order because of the emergency then existing. Since then there is no evidence presented to this court tending to show that the normal operation of the system under the direction of the Transit Commission is in any way being interrupted or interferred with by the defendants and until there is an indication of overt acts such as were in the first instance presented to the trial court, the extraordinary remedy of injunction should not be used.

We are further constrained to this view by reason of the fact that at the time of the hearing in this court counsel for appellees after conferring with the appellees, gave positive assurance in open court that there would not be any interference by them in any manner whatsoever with the plaintiffs, officers, agents or employees in the operation of the street car lines or system of the appellant.

Entertaining these views the application for temporary restraining order will be dismissed subject to the right of the appellants to make a new application at any time in the event there should be any change in conditions which would warrant issuance of the injunctive process.

Injunction denied, Exc.

MORGAN, J, SKEEL, J, concur.