JOURNAL ENTRY AND OPINION
{¶ 1} Residential home purchasers Jonathan and Mary Louise Schmitt appeal from the trial court's grant of summary judgment in favor of the property sellers, Scott and Theresa Snow. They claim the sellers failed to satisfy their burden of proof and conversely claim to have presented evidence that material questions of fact remain as to the sellers' knowledge of sewage system defects. We reverse and remand.
 {¶ 2} The record reveals that in August 2003, the Schmitts and the Snows entered into a purchase agreement for property located on Woodstock Avenue in Fairview Park. In accordance with R.C. 5302.30, and prior to signing the purchase agreement, the Schmitts were given a Residential Property Disclosure Form as executed by the Snows. The disclosure was dated July 6, 2003, and failed to disclose any known leaks, backups or material problems with the home's sewer system. (Residential Property Disclosure Form, paragraph B).
 {¶ 3} The Schmitts visited the home on at least three separate occasions, reviewed the property disclosure form and, after making an offer on the home, hired Affordable Home Inspections, Inc. to perform a general home inspection. Finding no defects, the parties proceeded to closing and title was transferred to the Schmitts.
 {¶ 4} Two days after the Schmitts moved into the home, there was a heavy rain that left standing water over the driveway in front of the garage. Shortly thereafter, the sanitary sewer backed up into the basement. The Schmitts called Royal Flush Plumbing ("Royal Flush") to investigate the source of the problem. Chris Bauer, a representative from Royal Flush, advised them that he had previously been to the property to address sewer problems. He stated that Scott Snow had called him to inspect the sewers after a similar overflow in the basement floor drain. Bauer claimed to have inspected the sewer line and advised Snow that there were roots in the drain and, therefore, possible breaks in the surrounding clay pipe. Bauer then pointed out several of the home's problem areas and recommended to Snow that the driveway drain be dug up and the sewer lines repaired.
 {¶ 5} After hearing Bauer's claims, the Schmitts hired Tony Son Plumbing to further investigate the problems and provide a second opinion. Tony Son Plumbing returned a similar report and recommended replacement of several areas of drain pipe because of pipe corrosion or breakage.
 {¶ 6} Based on these reports, the Schmitts filed suit against the Snows in March 2004, alleging breach of the terms of the purchase agreement and fraudulent misrepresentation. The Snows moved for summary judgment claiming that the home was purchased "As Is," and that because of the professional inspection, the Schmitts could not prove the necessary element of reliance on any residential disclosure form. The trial court granted summary judgment in favor of the Snows. The Schmitts appeal from this order raising the following assignments of error:
"I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE APPELLEES FAILED TO SATISFY THEIR INITIAL BURDEN OF PRESENTING EVIDENCE SHOWING THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACTS REGARDING APPELLANTS' CLAIMS FOR RELIEF.
II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE APPELLANTS SATISFIED THEIR RECIPROCAL BURDEN OF SHOWING THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT REGARDING THEIR CLAIMS FOR RELIEF."
 {¶ 7} As both assignments of error relate to the grant of summary judgment, we address them together for purposes of appeal.
 {¶ 8} We review a trial court's grant of summary judgment de novo.Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party."State ex rel. Dussell v. Lakewood Police Department, 99 Ohio St.3d 299,300-301, 2003-Ohio-3652, citing State ex rel. Duganitz v. Ohio AdultParole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 9} "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the full and unimpeded opportunity to examine the premises, and (3) there is no evidence of fraud on the part of the vendor." Layman v. Binns (1988), 35 Ohio St. 3d 176,178-179. "While the doctrine of caveat emptor still applies to the sale of residential real property in Ohio, the seller of that property must disclose latent defects that are not readily observable or discoverable." See Juan v. Harmon (Mar. 5, 1999), Hamilton App. No. C-980587.
 {¶ 10} R.C. 5302.30 requires sellers of real estate to disclose certain defects within their actual knowledge on the residential property disclosure form. It further requires that any disclosure be made in good faith or "honesty in fact in a transaction." R.C. 5302.30(A)(1). If the seller fails to disclose a material fact on the disclosure form with the intention of misleading the buyer and the buyer relies on the form, the seller is liable for any resulting injury. Juan, supra.
 {¶ 11} In their complaint, the Schmitts allege that the Snows "fraudulently misrepresented the condition of the Property by failing to disclose the flooding, drainage, and other problems affecting the Property and other material defects." (Complaint paragraph 5). In order to prevail upon a claim of fraudulent misrepresentation, the injured party must establish justifiable reliance upon the representations made by the defendants. Kimball v. Duy, Lake County App. 2002-L-046, 2002-Ohio-7279. The injured party must establish: (1) actual concealment of a material fact; (2) with knowledge of the fact concealed; (3) and intent to mislead another into relying upon such conduct; (4) followed by actual reliance thereon by such other person having the right to so rely; (5) and with injury resulting to such person because of such reliance. Bagdasarian v. Lewis (June 4, 1993), Lake County App. No. 92-L-171.
 {¶ 12} The record reveals that Chris Bauer was specifically called to the home by the Snows to inspect for sewer problems. He advised them of the severe nature of the problems and ultimately recommended that the driveway be dug up to replace broken or cracked sewer pipes. It is clear from the subsequent inspections of Royal Flush and Tony Sons Plumbing that the replacement needed to be done and was not. It is equally clear that the Snows knew the recommended repairs based upon the plumbing issues but nonetheless failed to disclose this issue on the Residential Property Disclosure form.
 {¶ 13} When Chris Bauer inspected the home, he was apparently unable to visually locate the source of the problems and instead placed a camera inside the sanitary sewer line to determine its condition. It was only then that Bauer could attest to the deteriorated condition of the sewer pipes and recommend replacement. This advice, and the detailed methods that were used to observe the condition, clearly indicate that the sewer problem was not readily observable, even with a general home inspection. Instead of accepting the advice, the Snows chose to sell the home and conceal the underlying problem and the recommended repairs. Mary Schmitt testified in her deposition that she relied on the representations contained in the disclosure form, and now, in order to correct the problem, the Schmitts must incur significant expense to attend to the repairs originally recommended. (Deposition of Mary Schmitt at 14).
 {¶ 14} Although great emphasis has been placed on the "As Is" provision of the purchase agreement, an "As Is" provision bars claims for passive non-disclosure, but not for the misrepresentation or concealment of a material fact involving the transaction. See Chamar v. Schivitz
(April 16, 2004), Lake County App. No. 2002-L-181, 2004-Ohio-1957;Kimball, supra.
 {¶ 15} Based on the information set forth by the Schmitts, and the allegation of fraudulent misrepresentation contained in the complaint, we find that sufficient evidence has been presented to show the existence of material questions of fact which preclude the grant of summary judgment. For this reason, we find the Schmitts' assignments of error to have merit.
 {¶ 16} We reverse the trial court's grant of summary judgment and remand this case to the trial court for proceedings consistent with this opinion.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze JR., P.J., and Christine T. McMONAGLE, J. concur.