ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} The relators — Angela Boccuzzi, Dominic Boccuzzi, James Freitag, Carolyn Freitag, and the Pleasant Valley Property Owners Association — commenced this mandamus action as a taxpayer action against the respondents — the Cuyahoga County Commissioners, Cuyahoga County Treasurer James Rokakis and the Cuyahoga County Office of Budget and Management (hereinafter "the County") — to compel the county to refund to the City of Parma any amounts in excess of approximately $200,000 for a sanitary sewer improvement. The gravamen of this action is that Parma would have saved this money, had the County awarded the sanitary sewer portion of an improvement to West Pleasant Valley Road to a specific subcontractor instead of awarding the sanitary sewer portion as part of the overall project.
 {¶ 2} On July 19, 2005, the County filed a motion to dismiss. In response on August 15, 2005, the relators filed a second amended complaint, and the County moved to strike that pleading. On August 26, 2005, this court denied the motion to strike and ordered the relators to file their brief in opposition to the County's dispositive motion within three weeks. The relators never filed a response. For the following reasons, this court grants the County's motion to dismiss.
 {¶ 3} As gleaned from the pleadings and their attachments, in 1980, Parma and the County agreed to improve West Pleasant Valley Road from York Road to State Road. In 1989, the parties added a sanitary sewer to the project. In late 2003, the County sought bids for the entire project and in January 2004, awarded the project to Blaze Construction, Inc. (hereinafter "Blaze") for $14.8 million, which was the lowest bid. Of this amount, $1.9 million was for the sanitary sewer, and Fabrizi Trucking and Paving Company (hereinafter "Fabrizi") was the subcontractor. Fabrizi submitted its own bid for the entire contract at $14.9 million; however, the cost for the sanitary sewer was only $1.346 million.
 {¶ 4} In December 2003, Parma enacted Resolution 307-03, by which its cost for the sanitary sewer would be assessed by the front footage of the property bounding and abutting the improvement on West Pleasant Valley Road. The relators, including the members of the Pleasant Valley Owners Association, live along West Pleasant Valley Road and, thus, bear the cost of this assessment. They assert two claims for mandamus. First, pursuant to the Project Agreement, the First Supplement to the Agreement and R.C. 153.61, they claim that the County had the duty to award the bid for the sanitary sewer separately to the lowest and best bidder, which would have been Fabrizi at $1.346 million. Second, they allege the County "abused its discretion, acted in bad faith, acted in conflict of interest and self dealing, acted arbitrarily, and acted capriciously" in awarding the bid to Blaze instead of Fabrizi to shift the burden of the cost of the entire project from the County to the relators. (Paragraph 28 of the second amended complaint.) Therefore, they maintain the amount of the assessment should be $199,527.50 ($1,346,527.50 minus $1,000,000 minus $147,000.)[1] Instead, Parma and the relators are paying $797,909 ($1,944,909 minus $1,000,000 minus $147,000.) Therefore, as relief, the relators seek to compel the County to charge Parma only $199,527 plus or minus any cost changes to reflect the actual final cost for the sanitary sewer and refund any excess.[2]
 {¶ 5} However, the relators have failed to establish their claims for mandamus. First, their failure to respond to the motion to dismiss leaves the County's arguments unrebutted and persuasive. Indeed, the failure to respond is sufficient grounds for dismissal. State ex rel. White v. Enright (1992),65 Ohio St.3d 481, 605 N.E.2d 44; State ex rel. Mancini v. Ohio Bureauof Motor Vehicles (1994), 69 Ohio St.3d 486, 633 N.E.2d 1126;State ex rel. Elgin v. Watzek (1961), 172 Ohio St. 199,174 N.E.2d 261; and State ex rel. Crow v. Baynes (1962),173 Ohio St. 311, 181 N.E.2d 804.
 {¶ 6} Moreover, the requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914 and State ex rel. Harris v.Rhodes (1978), 54 Ohio St.2d 41, 374 N.E.2d 641. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v.McGrath, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108 andState ex rel. Boardwalk Shopping Center, Inc. v. Court ofAppeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33,564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board ofEducation (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and Stateex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 7} The relators' attachments, including the agreement and the supplemental agreement, do not establish a clear, legal duty to bid the sanitary sewer portion as a separate element. Indeed, Parma Resolution No. 395-89 requested that the sanitary sewer improvement be included in the West Pleasant Valley Road improvement. Parma reiterated this intention in Ordinance No. 74-04: "Whereas the Cuyahoga County Engineer's Office has committed to the widening and reconstruction of West Pleasant Valley Road (hereinafter the `Road Project') located between York and State Roads; and, Whereas, the City of Parma, by Ordinance 395-89, has requested that Cuyahoga County also include sanitary sewers (hereinafter `Sanitary Sewer Project') as part of the Road Project; * * *." Furthermore, the First Supplemental Agreement, executed in May 2004, in Section One specifically ratified the award of the entire project, including the sanitary sewer improvement, to Blaze.
 {¶ 8} R.C. 153.61, entitled "Agreement for Joint Construction," the legal authority upon which the relators rely, does not support their position. A review of the statute does not reveal a provision requiring a separate bid for any portion of a joint construction project, much less a specific provision requiring separate bids for a sanitary sewer. In the motion to dismiss, the County generously ascribed that the relators meant to rely on R.C. 153.51, and that the failure to cite to that section was a typographical error. When the County filed its dispositive motion on July 19, 2005, it was responding to the first amended complaint, in which the relators cited to R.C.163.51, which provides definitions relating to appropriation of property and relocation assistance. When the relators filed their second amended complaint approximately one month later, they did not cite to R.C. 153.51 or its companion provision, R.C.153.50.[3] Instead, the relators repeatedly referred to R.C. 153.61. Thus, this court concludes that the relators do not rely on R.C. 153.50 and 153.51 for the proposition that they create a clear, legal duty to seek separate bids and award a separate contract for a sanitary sewer improvement. Accordingly, the relators' complaint and its attachments on their face do not show a clear, legal duty on the part of the County to seek a separate bid for the sanitary sewer, and their claim for mandamus fails.
 {¶ 9} Additionally, the relators claim that the County abused its discretion in awarding the contract to Blaze because that decision allowed the County to pass approximately $600,000 of the entire cost of the project to the relators when the County should have borne that cost and because Blaze has a poor reputation for shoddy work and political collusion. To support these latter allegations, the relators attached a news article from Cleveland Scene Magazine. The court gives no weight to such proffers. "A newspaper article cannot be accepted as evidence; it is `hearsay' of the remotest character." Heyman v. City of Bellevue (1951),91 Ohio App. 321, 326, 108 N.E.2d 161; and City of Cleveland v.Division 268, Amalgmated Assn. of Street Electric Railway MotorCoach Employees of America (1948), 84 Ohio App. 43,81 N.E.2d 310; Salem v. Salem (1988), 61 Ohio App.3d 243, 572 N.E.2d 726;State ex rel. Hbrandon Flagner v. Detective Ron Arko, MapleHeights Police Dept. (Feb. 5, 1998), Cuyahoga App. No. 72779 affd. O.Sup.Ct. (1998) 83 Ohio St.3d 176; and State ex rel.Scott Russo Miller v. Cuyahoga County Board of Elections (Aug. 27, 2004), Cuyahoga App. No. 84980.
 {¶ 10} An abuse of discretion denotes more than an error of law or an error of judgment. It means an action which is arbitrary, unreasonable or tyrannical, unconscionable, or clearly against reason and evidence. State ex rel. Shafer v. OhioTurnpike Commission (1953), 159 Ohio St. 581, 113 N.E.2d 14;State ex rel. Wilms v. Blake (1945), 144 Ohio St. 619,60 N.E.2d 308; State ex rel. Great Lakes College, Inc. v. StateMedical Board (1972), 29 Ohio St.2d 198, 280 N.E.2d 900; Stateex rel. Alben v. State Employment Relations Board,76 Ohio St.3d 133, 1996-Ohio-120, 666 N.E.2d 1119; and State ex rel. Bryant v.Kent City School District Board of Education (1991),71 Ohio App.3d 748, 595 N.E.2d 410. Cf. State ex rel. Potten v. Kuth
(1980), 61 Ohio St.2d 321, 322, 401 N.E.2d 929 — "This court may find an abuse of discretion only where the board's order is contrary to law, or where there is no evidence to support its decision."
 {¶ 11} In the instant case, it is undisputed that the County awarded the contract to the lowest bidder; thus, the County's decision is supported by the evidence. Moreover, the County, as previously established, had no duty to award a separate contract for the sanitary sewer. It sought bids for the whole project, including the sanitary sewer, and it awarded the project as a whole. It did not pick and choose. Under such circumstances, the County's actions could not be fairly described as irregular, much less as an abuse of discretion.
 {¶ 12} Moreover, in mandamus, a relator must plead specific facts in order to withstand a motion to dismiss. State ex rel.Iacovone v. Kaminiski, 81 Ohio St.3d 189, 1998-Ohio-304,690 N.E.2d 4; State ex rel. Clark v. Lile, 80 Ohio St.3d 220,1997-Ohio-124, 685 N.E.2d 535; State ex rel. Dehler v. Sutula,74 Ohio St.3d 33, 1995-Ohio-268, 656 N.E.2d 332; State ex rel.Fain v. Summit Cty. Adult Probation Dept., 71 Ohio St.3d 658,1995-Ohio-149, 646 N.E.2d 1113; and State ex rel. Hickman v.Capots (1989), 45 Ohio St.3d 324, 544 N.E.2d 639 and State exrel. Strothers v. Murphy (1999), 132 Ohio App.3d 645,725 N.E.2d 1185. The relators' conclusory allegations of bad faith, etc. do not rise to the level of sufficiency to withstand a motion to dismiss.
 {¶ 13} Accordingly, this court grants the County's motion to dismiss and dismisses the application for a writ of mandamus. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Cooney, P.J., Concurs Calabrese, Jr., J., Concurs
[1] The First Supplement to Agreement, dated May 17, 2004, memorialized the fact that Parma's portion of the sanitary sewer project would be the amount in excess of $1,000,000. The County, Blaze and Fabrizi agreed to reduce the amount of the sanitary sewer improvement by $147,000 for value engineering items.
[2] Because the relators commenced this writ action approximately fifteen months after the award of the contract, the relief of re-awarding the contract would be inappropriate, futile and moot.
[3] These statutes provide that separate bids must be sought for (1) plumbing and gas fittings, (2) steam and hot-water heating, ventilating apparatus, and steam-power plants, and (3) electrical equipment. Thus, the only possible case-saving issue for the relators becomes whether a sanitary sewer is plumbing for purposes of R.C. 153.50(A). Obviously, the relators, by not responding to the motion to dismiss, cited no authority for that proposition, and this court could find none. Weibel v. Poda
(1962), 116 Ohio App. 38, 186 N.E.2d 504, which is apparently the only case to mention both R.C. 153.50 and sanitary sewers, is not instructive because it concerns building the sewer plant and not the laying of a sanitary sewer. Similarly, Schmitt v. Snow,
Cuyahoga App. No. 85400, 2005-Ohio-4698, which links sewers and plumbing, is not dispositive because it does not construe R.C.153.50, but concerns fraud in the sale of a home. Moreover, the sanitary sewer improvement involves excavating, back-filling and grading, skills vastly different from installing pipe fittings, valves, water closets and wash basins. Therefore, it is not certain that these statutes create a clear, legal duty to award separate contracts on separate bids, and mandamus will not lie in doubtful cases.