OPINION *Page 2 
{¶ 1} Defendant-appellant William Prostejovsky, Jr. appeals from the September 11, 2006, Judgment Entry of the Ashland County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 18, 2002, appellee Trudy Prostejovsky filed a petition for a Civil Stalking Protection Order against appellant pursuant to R.C.2903.214. Following a hearing held on July 31, 2002, a Magistrate issued a Civil Stalking Protection Order. The order prohibited, inter alia, appellant from possessing, using, carrying or obtaining any deadly weapon. The Magistrate, in his findings of fact, found, in part, that "[i] n spite of the prior issuance of temporary restraining orders in Case No. 02-DIV-075, respondent has continued to harass petitioner as a result of his anger over her extramarital relationship . . ." The order, which was to remain in effect until July 17, 2007, stated, in relevant part, as follows:
 {¶ 3} "Notice to Respondent: The persons protected by this order cannot give you legal permission to change or violate this order. If you contact or go near the protected persons, even with their permission, you may be arrested. Only the court can change this order. If there is any reason why this order should be changed, you must ask the court to change it.[1] You act at your own risk if you disregard thiswarning."
 {¶ 4} After appellant filed objections to the Magistrate's decision, the trial court overruled the same and adopted the Magistrate's decision.
 {¶ 5} Thereafter, on August 10, 2005, appellant filed a Motion to Modify the Civil Protection Order, asking that it be modified from five (5) years to three (3) years. *Page 3 
Appellant, in his motion, argued that since the time the Civil Protection Order was issued, the parties had gotten along well and there had been no incidents or problems between them. Appellant also argued that the order should be terminated because he wanted to be able to introduce his sons to firearms and hunting and because "[n]ot being able to possess firearms for 3 years had been a huge price he has paid for getting emotionally upset over his wife's infidelity." Modification of the order to permit the use of firearms, leaving the remainder of the order intact, would be an inadequate remedy for the respondent. That is because federal law ("Brady" disqualification 18 U.S.C. § 922) prohibits firearm usage if the Stalking Protection Order remains in effect.
 {¶ 6} An evidentiary hearing before a Magistrate was held on October 5, 2005. Pursuant to a Magistrate's Decision field on January 18, 2006, the Magistrate recommended that appellant's motion be overruled. The Magistrate, in his decision, stated, in relevant part, as follows:
 {¶ 7} "Conclusion of Law: Respondent's main contention is that his post-CPO behavior warrants an early termination of the Order. The Court feels compelled to point out that the Order is based upon his conductprior to the Order being issued. His good behavior subsequent to the issuance of the Order could be construed to be a conscious effort by Respondent to follow the Order of the Court. While the Court commends respondent for his lawful conduct, the Court cannot find that conduct alone as a reason to dismiss a Civil Protection Order before its termination date.
 {¶ 8} "This Court was not the trier of fact, and did not issue the Order herein. However, both the former magistrate and former judge reviewed and approved this Order, and this Court finds no compelling rationale to overturn those judgments." *Page 4 
 {¶ 9} The Magistrate further noted that appellee opposed early termination of the Civil Protection Order.
 {¶ 10} On January 31, 2006, appellant filed an objection to the Magistrate's Decision. Appellant, in his objection, alleged, in part, that the Magistrate had failed to make findings of fact. Thereafter, an Amended Magistrate's Decision was filed on February 2, 2006. The Magistrate, in the Amended Decision, found that the Court had continuing jurisdiction to modify a Civil Stalking Protection Order, but recommended that appellant's motion to modify the same be overruled.
 {¶ 11} After appellant filed objections to the Amended Magistrate's Decision, the trial court, as memorialized in a Judgment Entry filed on September 11, 2006, adopted the Magistrate's Amended Decision and denied appellant's Motion to Modify the Civil Stalking Protection Order. The trial court, in its entry, specifically found that it did not have jurisdiction to modify the Civil Protection Order. The trial court found that the order could only be modified or vacated pursuant to Civ.R. 60(B) and that appellant had not alleged or established any ground under such rule for vacating or modifying the Civil Stalking Protection Order. The trial court specifically held that appellant's compliance with the Civil Stalking Protection Order was his main argument for modification or vacation of the same and that such reason did not fall within the provisions of Civ.R. 60(B).
 {¶ 12} It is from the trial court's September 11, 2006 Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 13} "THE COURT ALWAYS HAS CONTINUING JURISDICTION TO MODIFY ITS OWN ORDERS WHEN THERE HAS BEEN SUBSTANTIAL CHANGES IN *Page 5 
CIRCUMSTANCES WHICH AFFECT A PERSONS [SIC] CONSTITUTIONAL RIGHTS AND THEREFORE THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S REQUEST TO MODIFY OR TERMINATE THE CIVIL PROTECTION ORDER ON THE GROUNDS THAT IT WAS WITHOUT JURISDICTION TO DO SO COMMITTING AN ABUSE OF DISCRETION TO THE PREJUDICE TO THE APPELLANT AND IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF LAW."
 I {¶ 14} Appellant, in his sole assignment of error, argues that the trial court erred in holding that it did not have jurisdiction to modify the Civil Stalking Protection Order issued in this case. We agree that the trial court had jurisdiction to modify this order, but disagree that the trial court committed error in this case. Appellant requested the trial court to terminate, not modify, the Civil Stalking Protection Order, and we find that the trial court's use of Civ. R. 60(B) to decide this matter did not result in prejudice to the appellant.
 {¶ 15} R.C. 2903.214 governs the issuance of a civil stalking protection order. R.C. 2903.214 states, in relevant part, as follows: "(E)(1) After an ex parte or full hearing, the court may issue any protection order, with or without bond, that contains terms designed to ensure the safety and protection of the person to be protected by the protection order,. . . .
 {¶ 16} "(2)(a) Any protection order issued pursuant to this section shall be valid until a date certain but not later than five years from the date of its issuance. *Page 6 
 {¶ 17} "(b) Any protection order issued pursuant to this section may be renewed in the same manner as the original order was issued . . ."
 {¶ 18} There is no section of R.C. 2903.214 providing for a modification of an order.
 {¶ 19} Although R.C. 2903.214 was not at issue, the court inSigner v. Signer, Cuyahoga App. No. 85666, 2006-Ohio-3580, appeal not allowed 112 Ohio St.3d 1441, 2007-Ohio-152, 860 N.E.2d 7662, addressed whether a civil protection order issued pursuant to R.C. 3113.31 could be modified. The protection order in Signer gave temporary custody of the parties' child to the appellant and permitted the appellee regular supervised visitation. The trial court later amended the visitation portion of the protection order.
 {¶ 20} Appellant, in Signer, argued that the trial court had no jurisdiction to amend the civil protection order because the expiration date on the order was not until 2007 and because the statute did not provide for amendment. She argued, therefore, that the trial court's orders changing the terms of the Civil Protection Order were invalid.
 {¶ 21} The court, in Signer, in holding that the trial court had no authority to modify a civil protection order issued pursuant to R.C.3113.31, stated, in relevant part, as follows:
 {¶ 22} "This statute does not vest any authority in the court to modify the terms of the allocation of parental rights and responsibilities under the civil protection order. Thus the court erred in modifying the civil protection order." Id at paragraph 19.
 {¶ 23} Like the version of R.C. 3113.31, which was in effect at the time of Signer, we find that R.C. 2903.214 does not provide the trial court with authority to modify or *Page 7 
vacate a protection order. There is no language in R.C. 2903.214
authorizing such modifications. In addition, R.C. 3113.31 was amended after Signer was decided and now states, in relevant part, as follows in subsection (E)(3)(a): "Any protection order issued . . . under this section shall be valid until a date certain, but not later than five years from the date of its issuance . . . unless modified or terminatedas provided in division (E)(8) of this section." (Emphasis added). R.C.3113.31(E)(8) is fairly detailed and provides inter alia, that either the petitioner or respondent can file for a modification and that the moving party must show by a preponderance of the evidence that the modification is appropriate because either the order is no longer needed or the terms are no longer appropriate. R.C. 3113.31(E)(8)(c) specifies twelve factors that the court shall consider. The amendments became effective January 2, 2007. No similar amendments were made to R.C.2903.214 at that time.
 {¶ 24} In spite of the discussion above, we find that an order made pursuant to R.C. 2903.214 is subject to modification or termination. An order issued pursuant to this section is injunctive relief provided by statute. "The design of an injunction is to prevent future injury and not to redress past wrongs." Athens Metropolitan Housing Authority v.Pierson, Athens App. Nos. 01CA28, 01CA29, 2002-Ohio-2164 at p. 8, citingSteel Co. V. Citizens for a Better Environment (1998), 523 U.S. 83,118 S.Ct. 1003, 140 L.Ed. 2d 210, City of Cleveland v. Div. 268 ofAmalgamated Ass'n. of St. Elec. Ry. Motor Coach Emps. Of America
(1948), 84 Ohio App. 43, 81 N.E.2d 310. The order issued in this case constituted a permanent injunction. There were no provisions for further hearings, and it was a final, appealable order when issued. SeeCapital City Gas Company v. Phillips Petroleum Company, (1967),373 F.2d 128 at p. 131. *Page 8 
 {¶ 25} Generally, the trial court has the authority to modify or vacate a permanent injunction if the original conditions have materially changed, and if it is no longer equitable for the injunction to continue. Kitchen v. Morris (June 25, 1985), Fairfield App. No. 44-CA-84, 1985 WL 8241 at p. 2. ". . . [T] he court cannot be required to disregard significant changes in law or facts if it is `satisfied that what it was been [sic] doing has been turned through changing circumstances into an instrument of wrong.'" System Federation No. 91,Ry. Emp. Dept. v. Wright (1961), 364 U.S. 642, 647, 81 S.Ct. 368, 371, quoting United States v. Swift Co., 286 U.S. 106, 114-115,52 S.Ct. 460, 462.
 {¶ 26} Based on the preceding discussion, we conclude that the trial court was incorrect in concluding that the civil protection stalking order may only be modified or vacated pursuant to Civil Rule 60(B). We conclude that a court may modify or vacate a civil protection stalking order if the movant shows that the original circumstances have materially changed and it is no longer equitable for the order to continue.
 {¶ 27} This discussion, notwithstanding, however, we find that the trial court did not commit prejudicial error in the case sub judice in finding "Without express statutory continuing jurisdiction to modify or vacate a civil stalking protection order, the court finds that the order may only be modified or vacated pursuant to Civil Rule 60(B), which applies to all civil orders which have become final and appealable judgments." Sept. 11, 2006 Judgment Entry. Civ. R. 60(B) provides an adequate and appropriate vehicle for the vacation of all or part of an R.C. 2903.214 civil stalking protection order upon a change of material circumstances that no longer makes the order equitable. See specifically, Civ. R. 60(B) 4 and 5 which allow for relief from judgment if "it is no longer equitable that the judgment should have prospective application" or if there is "any other *Page 9 
reason justifying relief from judgment." In fact, in System FederationNo. 91, supra, petitioners brought their motion pursuant to the sections of Rule 60(b) of the Federal Rules which contain the same wording quoted from Ohio Civ. R. 60(B) above.
 {¶ 28} The trial court then proceeded to determine if appellant had established grounds for relief under Civ.R. 60(B). The trial court concluded: "The [appellant] has not alleged in his pleadings or established at the hearing that there are any grounds for vacating or modifying the civil stalking protection order in this case under Civil Rule 60(B)."[2] The next step in our analysis is to determine whether the trial court abused its discretion in reaching that conclusion.
 {¶ 29} We find that the trial court did not abuse its discretion in overruling the motion to terminate the protection order two years prior to its five year termination date. It is clear to us that the protective order in this case was issued because of appellant's longstanding problem with anger management, and not just because of his anger over appellee's extramarital affair. The finding of the trial court upon issuance of the order included the following:
 {¶ 30} "In spite of the prior issuance of temporary restraining orders in Case No. 02-DIV-075, respondent has continued to harass petitioner as a result of his anger over the extra-marital relationship with her paramour, Rick Mullens. . . .
 {¶ 31} "Petitioner's conduct, however right or wrong, does not justify the over emotional reaction and violent loss of self-control by the respondent. . . . *Page 10 
 {¶ 32} "It is clear that these parties have had a contentious relationship during their marriage, and it is not refuted that petitioner has, during the course of the parties' marriage, engaged in several acts of violence toward the respondent.
 {¶ 33} "Respondent has also, in the past, engaged in acts of violence, breaking glass, throwing objects and punching holes in the walls of the parties' residence when he becomes angry. He has also used force to hold petitioner to the ground during arguments. . . .
 {¶ 34} "Approximately one year ago in 2001, respondent made a veiled threat to kill petitioner when they discussed the possibility of divorce."
 {¶ 35} Appellee, at the October 2005, hearing on appellant's motion to terminate the order explained why she did not want appellant to have early access to his firearms: "This is due to almost 15 years of living and witnessing [appellant's] violent out of control, raging temper set off by the smallest mishap. As of my knowledge to this day, [appellant] has not sought — sought out help for this behavior." T. p. 106. Appellee also testified that she felt her safety would be put at risk if appellant were allowed to have his guns. T. p. 186. Appellant testified that he had gone to counseling during the divorce and that his new job was less stressful. There was no report submitted from a counselor. While we note that the parties are generally co-operative when it comes to the children and they have established the ability to communicate with each other, and that the parties are to be commended for this because it is extremely important for the children, we can not find that the trial court abused its discretion in not vacating the stalking protection order. The basis of the order was appellant's long-term problem with controlling his anger and his behavior. There is evidence that the appellant has less *Page 11 
stress in his life than at the time of the divorce, but there is no evidence that he has addressed the underlying anger management problem. Therefore, compliance with the order, in the context of this case, is insufficient to demonstrate that there has been a material change of circumstances.
 {¶ 36} Therefore, we overrule appellant's assignment of error and affirm the decision of the trial court.
Edwards, J., Gwin, P.J., concur.
 Hoffman, J. concurs separately. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The language in regard to changing the court order is included on forms created by the Ohio Supreme Court. R.C. 2903.214 does not specifically address a procedure for modifying a Stalking Protection Order.
[2] We have concluded that the hearing referred to by the trial court was the evidentiary hearing before the magistrate on the Motion to Modify the Stalking Order. It appears from the file that there was no hearing held by the trial court on the objections filed to the Magistrate's Decision. *Page 12