OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Bank of America, appeals the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Plaintiff-Appellee, JP Morgan Chase Bank, N.A., in a foreclosure action. The trial court decided that JP Morgan's mortgage on the property underlying this lawsuit had priority over Bank of America's mortgage on that same property. On appeal, Bank of America argues that it should have priority because JP Morgan had notice of Bank of America's lien and still loaned the debtor money under the open-end mortgage after Bank of America's lien was recorded. However, Bank of America did not give the notice required under statute to give its subsequent mortgage priority over JP Morgan's mortgage. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 2} In June 1996, Nicholas Carbone signed a promissory note for a home equity line of credit with Bank One, N.A., on Carbone's home. This loan was an open-end mortgage, which allowed Carbone to borrow up to $20,000.00. The mortgage was recorded the same day it was signed.
 {¶ 3} In February 1998, Carbone obtained a loan from Source One Mortgage Services Corp., which was secured by a mortgage on his property. This mortgage was recorded in March 1998 and assigned to Bank of America in 1999.
 {¶ 4} In March 1998, Carbone executed a third mortgage, this time with Chase Manhattan Bank. This mortgage was referenced in the Bank of America note as a "second mortgage" and was recorded the same day as the Bank of America mortgage.
 {¶ 5} At some time after March 1998, Bank One merged with JP Morgan, who already owned Chase Manhattan.
 {¶ 6} Carbone eventually defaulted on all of these loans and JP Morgan filed a foreclosure action against him on June 21, 2006. JP Morgan and Bank of America then disputed which of them had priority of mortgage. JP Morgan claimed that the original Bank One mortgage had priority. Bank of America argued that JP Morgan had notice of its mortgage and that it had priority because JP Morgan had loaned additional money to *Page 2 
Carbone after having such notice. Each party moved for summary judgment. Bank of America then moved to strike an affidavit which JP Morgan attached to its motion for summary judgment, which was never ruled on by the trial court. On July 19, 2007, the trial court granted JP Morgan's motion for summary judgment and held that its lien had priority.
 Afffidavit in Support of Summary Judgment {¶ 7} Before we can deal with the merits of the trial court's decision to grant J.P. Morgan's motion for summary judgment, we must address Bank of America's argument concerning the evidence the trial court used to reach that decision. Accordingly, we will first consider its fourth assignment of error:
 {¶ 8} "The trial court erred in failing to strike the affidavit attached to the Plaintiff's motion for summary judgment."
 {¶ 9} In support of its motion for summary judgment, JP Morgan submitted an affidavit which provides as follows:
 {¶ 10} "1. Affiant's position is assistant secretary of JPMorgan Chase Bank, N.A. fka JPMorgan Chase Bank successor by merger to Bank One, N.A., that in such job position affiant has the custody of and personal knowledge of the accounts of said company, and specifically with the account of Nicholas V. Carbone, Jr., defendant herein.
 {¶ 11} "2. Plaintiff is the holder of the note and mortgage which are the subject of the within foreclosure action, copies of which are attached hereto as Exhibits "A" and :B".
 {¶ 12} "3. Affiant states that there has been a default in payment under the terms of the aforesaid note and mortgage. The account is due for the November 25, 2005 payment and all subsequent payments. Plaintiff has therefore elected to accelerate the entire balance due.
 {¶ 13} "4. Affiant states that there is due on said account a principal balance of $18,437.38, together with interest thereon from October 25, 2005 at 9.5 percent per annum and as may be subsequently adjusted if provided for by the terms of the note, and advances for taxes, insurance or otherwise expended to protect the property."
 {¶ 14} Bank of America argues that this affidavit should be stricken because it is *Page 3 
fraudulent and misleading. According to Bank of America, this affidavit contradicts the responses JP Morgan gave to discovery. But this is clearly wrong. The affidavit does nothing more than identify the loan, state that the debtor is in default, and state the amount owed on the contract. This is unremarkable information in a foreclosure case. Furthermore, these statements do not contradict any of the responses to discovery to which Bank of America has pointed.
 {¶ 15} It appears that Bank of America's real complaint is not with the affidavit, but with JP Morgan's responses to discovery. Apparently, JP Morgan told Bank of America that it did not have certain records which Bank of America believes JP Morgan possesses. This dispute would be properly raised by a motion for discovery sanctions. However, Bank of America did not make such a motion in this case and has failed to demonstrate any reason for striking the affidavit. Accordingly, Bank of America's fourth assignment of error is meritless.
 Priority of Mortgage {¶ 16} Bank of America challenges the merits of the trial court's decision granting summary judgment to JP Morgan via its remaining four assignments of error, which all raise the same basic issues of law and fact and will be addressed together. Those assignments of error argue:
 {¶ 17} "The trial court erred, against the manifest weight of the evidence, in failing to find that JP Morgan Chase Bank had actual notice of the Bank of America refinance."
 {¶ 18} "The trial court erred as a matter of law in failing to find that subsequent disbursements under an open-end mortgage are junior in priority to a subsequent mortgage when the disbursements are not obligatory and the open-end mortgage holder had actual knowledge of the subsequent mortgage."
 {¶ 19} "The trial court erred as a matter of law in failing to find that Bank of America held senior lien priority due to estoppel."
 {¶ 20} "The trial court erred in granting the Plaintiff/Appellee's motion for summary judgment and in denying the Defendant/Appellant's motion for summary judgment for first lien position." *Page 4 
 {¶ 21} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. GoodyearTire Rubber Co. (1990), 66 Ohio App.3d 826, 829. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-0186. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc (1999),135 Ohio App.3d 301, 304.
 {¶ 22} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in her favor. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v.Burt, 75 Ohio St.3d 280, 296, 1996-Ohio-0107. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Dresher at 293.
 {¶ 23} This case is a dispute over which mortgage over the subject property has priority. R.C. 5301.23 governs these kinds of disputes. It provides:
 {¶ 24} "All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record. If two or more mortgages pertaining to the same premises are presented for record on the same day, they shall take effect in the order of their presentation. Thefirst mortgage presented shall be the first recorded, and the firstmortgage recorded shall have preference." (Emphasis *Page 5 
added) R.C. 5301.23(A).
 {¶ 25} Bank One, N.A., a predecessor in interest to JP Morgan, recorded a mortgage against the property in 1996. Bank of America and Chase Bank USA, N.A., another predecessor in interest to JP Morgan, recorded their mortgages in 1998, with Bank of America's mortgage being recorded first. Thus, the Bank One mortgage is most senior, the Bank of America mortgage is next senior, and the Chase Bank mortgage is the most junior.
 {¶ 26} Bank of America argues that Bank One's mortgage was extinguished because the balance of that loan had been paid down to zero and that it, therefore, has priority now. The Bank One mortgage was an open-end mortgage, which allowed the customer to draw from a line of credit up to a specified credit limit for ten years after the mortgage was signed. R.C. 1321.58(F) states that an account in an open-end loan"may be terminated by written notice" if there is no unpaid balance on the loan. However, there is no indication that any party to the Bank One mortgage gave such notice. Furthermore, the terms of the loan agreement stated that the customer had a total of twenty years from the date of the agreement to repay the outstanding balance of the loan. No part of the agreement that states that the open-end mortgage will expire before the end of the ten-year draw period merely because the loan balance has temporarily been paid. Thus, it does not matter whether the loan was completely paid at any time before the ten-year draw period ended and Bank of America's argument to the contrary is meritless.
 {¶ 27} Bank of America's main argument is that JP Morgan had notice of its mortgage after it was recorded in 1998, so Bank of America's mortgage has priority over any advances which Bank One made to the customer after Bank of America's mortgage was recorded. This argument is based on R.C. 5301.232, which governs open-end mortgages. Under that statute, a bank can advance funds under an open-end mortgage, but "[i]f such an advance is made after the holder of the mortgage receives written notice of a lien or encumbrance on the mortgaged premises which is subordinate to the lien of the mortgage, and if such holder is not obligated to make such advance at the time such notice is received, then the lien of the mortgage for the unpaid balance of the advance so *Page 6 
made is subordinate to such lien or encumbrance." R.C. 5301.232(B).
 {¶ 28} R.C. 5301.232(D) describes what a written notice of a subsequent lien or encumbrance must contain in order to be effective under R.C. 5301.232(B).
 {¶ 29} "The written notices provided for in division (B) of this section shall be signed by the holder of the lien or encumbrance or the person who has performed or intends to perform work or labor or who has furnished or intends to furnish machinery, material, or fuel, or by his agent or attorney, and shall set forth a description of the real property to which the notice relates, the date, parties to, the volume and initial page of the record or the recorder's file number of the mortgage over which priority is claimed for the lien or encumbrance, and the amount and nature of the claim to which the lien or encumbrance relates or the nature of the work or labor performed or to be performed or machinery, material, or fuel furnished or to be furnished and the amount claimed or to be claimed therefor. The written notices provided for in divisions (B) and (C) of this section shall be deemed to have been received by or served upon the holder of the mortgage when delivered to such holder personally or by registered or certified mail at the address of such holder appearing in the mortgage or an assignment thereof or, if no address is so given, at the principal place of business or residence of such holder or the statutory agent of such holder within this state or, if such holder has no principal place of business or residence or a statutory agent within this state, when posted in some conspicuous place on the mortgaged premises." Id.
 {¶ 30} In this case, Bank of America did not send Bank One written notice of its mortgage as required by R.C. 5301.232(B). It excuses this failure by arguing that JP Morgan had actual notice of Bank of America's loan and that actual notice is sufficient to meet the requirements of R.C. 5301.232(B).
 {¶ 31} In Century II, Inc. v. Fred Doriot Assoc, Inc. (Dec. 12, 1980), 6th Dist. No. WD-80-7, the Sixth District agreed with Bank of America. In that case, the bank with the open-ended mortgage was called and was sent a letter letting it know about the subsequent mortgage. Neither the call nor the letter met all the requirements of R.C. 5301.232(D), but all of that information was communicated when those two *Page 7 
communications were combined. The Sixth District found that the legislature's intent was to ensure that "sufficient" notice was provided and that the bank's actual notice meant that the requirements of R.C.5301.232(D) did not need to be rigidly applied.
 {¶ 32} However, Century II is both a minority position and distinguishable. In the following cases, all of the appellate courts found that actual notice of a subsequent lien did not make the open-end mortgage subordinate under R.C. 5301.232(B) because actual notice of the lien does not substitute for the statutorily required written notice:Kent v. Huntington Natl. Bank (2001), 145 Ohio App.3d 745 (Tenth District); Sky Bank Ohio Bank Region NKA Sky Bank v. Belknap, 3d Dist. No. 13-02-33, 2003-Ohio-0716; Bank of New York v. Fifth Third Bank ofCentral Ohio, 5th Dist. No. 01 CAE 03005, 2002-Ohio-0352; Leader Mortg.Co. v. Slattery (July 12, 1996), 11th Dist. No. 95-L-146. These cases all indicate that a form of notice which does not provide the holder of the open-end mortgage with all the information listed in R.C.5301.232(D) is insufficient under R.C. 5301.232(B).
 {¶ 33} Moreover, in Century II the subsequent lienholder had sent the holder of the open-end mortgage some written information regarding the second lien. Since the oral communication had contained the other information required by statute, the court felt it could relax the requirement that all of the information be in a written notice. In this case, Bank of America never sent Bank One any kind of writing notifying it of the subsequent lien. Thus, it cannot take advantage of CenturyII's decision to relax the requirement of what must be contained in the written notice.
 {¶ 34} Finally, Bank of America's argument that the holder of the open-end mortgage had actual notice is flawed. Bank of America's argument is based on the fact that Bank One and JP Morgan have now merged and that the knowledge of JP Morgan should be imputed to Bank One. However, JP Morgan's knowledge could not be imputed to Bank One until after the merger. Bank of America has failed to show that any of the funds advanced to the debtor under the Bank One mortgage occurred after that merger, when the holder of the open-end mortgage would arguably have notice of the Bank of America lien. *Page 8 
 {¶ 35} To sum up, Bank of America did not send Bank One written notice of its lien as defined by R.C. 5301.232(D). Most courts say that this written notice is required even if the holder of the open-end mortgage has actual knowledge of the subsequent lien. Moreover, Bank of America did not send Bank One any other form of notice, which could be used if this court wanted to relax the strict statutory notice requirements. Finally, we cannot impute notice to Bank One until after its merger with JP Morgan, and there is no indication that any funds were advanced to the debtor after this date. Thus, all of Bank of America's arguments concerning the actual notice which Bank One had of its mortgage are meritless.
 {¶ 36} In the alternative, Bank of America argues that JP Morgan should be equitably estopped from asserting priority of lien over Bank of America's lien. "A prima facie case for equitable estoppel requires a plaintiff to prove four elements: 1) that the defendant made a factual misrepresentation; 2) that it is misleading; 3) that it induces actual reliance that is reasonable and in good faith; and 4) that it causes detriment to the relying party." Poland Twp. Bd. of Trustees v.Swesey, 7th Dist. No. 02CA185, 2003-Ohio-6726, at ¶ 14. Bank of America claims that JP Morgan made a factual claim that Bank One's lien would be released when Bank of America and JP Morgan obtained mortgages on the property in 1998. The evidence of this representation is that JP Morgan obtained a mortgage on the property in 1998 . However, this argument just demonstrates Bank of America's confusion about the parties. In 1998, Bank One and JP Morgan were different entities. Thus, any action by JP Morgan would have had no effect on Bank One's mortgage. Since Bank of America cannot show that JP Morgan made a false factual misrepresentation, it cannot prevail in its claim for equitable estoppel.
 {¶ 37} In conclusion, Bank of America has failed to show that its subsequent mortgage should have priority over the open-end mortgage. Bank of America has failed to show that Bank One had the required notice before it advanced funds to the debtor after Bank of America recorded its mortgage and has failed to show why the doctrine of equitable estoppel should prevent JP Morgan from exercising its rights under the open-end mortgage. Accordingly, Bank of America's assignments of error are meritless and *Page 9 
the judgment of the trial court is affirmed.
 Donofrio, J., concurs. Vukovich, J., concurs. *Page 1