[Cite as *Robson v. Mason*, 2025-Ohio-5385.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

| | | |
|---|---|---|
| Missy Robson On Behalf Of:<br>South Central Ohio Job and Family Services, | : | Case No. 25CA706 |
| | : | |
| Petitioner-Appellee, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Corey Mason, | : | **RELEASED 11/25/2025** |
| Respondent-Appellant. | : | |

_____

APPEARANCES:

Corey Mason, Logan, Ohio, pro se appellant.

William L. Archer, Jr., Vinton County Prosecuting Attorney, and Amanda K. Miller, Assistant Vinton County Prosecuting Attorney, McArthur, Ohio, for appellee South Central Ohio Job and Family Services.

_____

Hess, J.

{¶1} Corey Mason appeals from a judgment of the Vinton County Court of Common Pleas denying his motion to vacate civil protection order. Mason presents two assignments of error asserting that the trial court erred and abused its discretion by: (1) issuing a civil protection order without sufficient factual findings or evidence of present danger, thereby denying him due process; and (2) denying his motion to vacate the civil protection order when his "purported waiver was not knowing, voluntary, or intelligent," and the order "was improperly obtained as a condition of a criminal plea." For the reasons which follow, we overrule the assignments of error and affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}    On May 14, 2025, Missy Robson[1], on behalf of South Central Ohio Job and Family Services ("SCOJFS"), filed a petition for a civil stalking protection order ("CSPO") pursuant to R.C. 2903.214. The petition named Mason as the respondent and sought the protection of three minor children who were in the custody of SCOJFS. The trial court issued an ex parte CSPO and set the matter for a full hearing.  On the day of the hearing, May 20, 2025, the trial court issued a CSPO, effective until May 20, 2028. The order indicates that, among other people, Mason and his counsel appeared at the hearing.  The order states that the "Respondent was provided with reasonable notice and opportunity to be heard within the time required by Ohio law."  The order further states:

> The Court hereby makes the following findings of fact:
>
> The parties agreed to a three year protection order, with the condition that the children may send Respondent letters through the agency if they choose to do so.  Any contact initiated by the children does not change the obligations of Respondent to comply with the terms of this protection order and does not remove, waive, or otherwise change the terms of the order. Respondent is still bond [sic] by the order and prevented from contacting the minor children in any way.

[*Id.*]  In addition, the order includes a signed waiver, which states:

> I, <u>Corey Mason</u> (Respondent) understand that I have the right to a full hearing on the Petition for Civil Stalking Protection Order . . . and acknowledge each of the following:
>
> 1.  I waive the right to have a full hearing on this Protection Order.
> 2.  I waive the right to cross-examine witnesses and review evidence submitted in support of this Protection Order.
> 3.  I waive the right to present witnesses and evidence on my own behalf.
> 4.  I waive the right to file objections and recognize this may limit my right to appeal the issuance of this Protection Order.

---

[1] It appears Ms. Robson's first name may be spelled "Missi," but for purposes of this opinion we have used the spelling in the entry being appealed.

I understand that based on the waivers listed above, a Protection Order will be entered against me.

{¶3} On June 3, 2025, Mason filed a "motion to vacate civil protection order." Mason maintained that the May 20, 2025 CSPO had to be vacated because it "fails to meet the requirements of Ohio law and fundamental due process."  Mason asserted that R.C. 3113.31 "requires that a protection order be supported by findings of present or imminent danger, based on evidence presented on the record." He claimed that there was no present or ongoing threat at the time of the CSPO hearing and that no evidence was presented at the hearing to support the CSPO. He asserted that the CSPO "was issued as part of a negotiated criminal plea" and "not on the basis of any factual need for protection" or "to remedy any current danger." He relied on "*Huntington Natl. Bank v. Williams*, 2008-Ohio-1675 (Ohio Ct. App. 3d Dist.)" to support his position that "[p]rotection orders cannot lawfully be used as bargaining chips or procedural tools in criminal cases absent an independent legal basis."  In addition, he asserted that the trial court "made no findings of fact or reference to any evidence" in the CSPO and that "due process requires adequate findings in the record and a meaningful opportunity to be heard before any liberty interest is restricted."

{¶4} On June 4, 2025, the trial court issued an entry denying Mason's motion. Initially, the court noted that only 2 of the 10 case cites in the motion "actually refer to the cases cited by Mr. Mason."  The court also noted that Mason served his motion directly on the petitioner and not on the petitioner's counsel as required by the Civil Rules.  The court then rejected Mason's assertion that the CSPO failed to meet the requirements of Ohio law and fundamental due process. The court explained that the matter had been set for a full hearing, that Mason received notice of the hearing, and that he appeared.  The

court explained that it "was available with plentiful time designated to conduct an evidentiary hearing." However, the parties, with the aid and advice of counsel, "negotiated a resolution to this matter involving Respondent's consent to a Civil Stalking Protection Order for a period of three (3) years, and if Respondent's assertions in his motion are to be taken at face value, also resolving his criminal matter in County Court." The court also found that Mason signed a waiver of rights. The court explained that "[f]undamental due process requires notice and an opportunity to be heard, both of which were afforded to Respondent." The court found that Mason waived his opportunity to be heard, in writing, and with the advice of counsel. Citing three cases, the court found that "[v]arious courts of appeals have confirmed that consent orders are authorized in the context of civil protection orders issued pursuant to [R.C.] 2903.214." The court stated that it would not address Mason's argument that a global resolution of this case and his criminal matter was contrary to law because the argument was "based on one of the inaccurate citations contained in his motion."

{¶5}   On June 13, 2025, Mason filed a notice of appeal from the entry denying his motion to vacate.[2]

## II.  ASSIGNMENTS OF ERROR

{¶6}   Mason presents two assignments of error:

The trial court erred and abused its discretion by issuing a Civil Protection Order without sufficient factual findings or evidence of present danger, thereby denying Appellant due process.

The trial court erred and abused its discretion by denying Appellant's Motion to Vacate the Civil Protection Order, where Appellant's purported waiver was not knowing, voluntary, or intelligent, and the CPO was improperly obtained as a condition of a criminal plea.

---

[2] The notice of appeal incorrectly states that the entry was filed on June 6, 2025.

### III.  LAW AND ANALYSIS

### A.  First Assignment of Error

{¶7}    In the first assignment of error, Mason contends the trial court erred and abused its discretion by issuing a civil protection order without sufficient factual findings or evidence of present danger, thereby denying him due process. Mason asserts that "Ohio law requires that a [civil protection order] under R.C. 2903.214 be supported by competent, credible evidence of a present danger, with specific findings on the record." He asserts that the record contains no evidence of any conduct by him "to justify a finding of present or imminent danger at the May 20, 2025 hearing."  He asserts that due process requires individualized factual findings to support a civil protection order and that Civ.R. 52 requires separate findings of fact and conclusions of law upon a proper request. He claims "the trial court issued only boilerplate statutory language and made no specific findings of fact, despite the importance of the interests at stake and the record's lack of any evidence of present danger." He asserts that without separate findings of fact and conclusions of law, he and this court cannot discern the basis for the trial court's decision. Therefore, "[t]he trial court's failure to issue findings of fact as required by Civ.R. 52 constitutes reversible error."

{¶8}    The first assignment of error is not well-taken.  It challenges the issuance of the May 20, 2025 CSPO, which was a final, appealable order.  R.C. 2903.214(G)(1) ("An order issued under this section, other than an ex parte order, that grants a protection order, or that refuses to grant a protection order, is a final, appealable order").  However, Mason did not timely file an appeal from that order.  See App.R. 4(A)(1) (generally "a party who wishes to appeal from an order that is final upon its entry shall file the notice of

appeal required by App.R. 3 within 30 days of that entry"). His notice of appeal only designated the entry denying the motion to vacate as the judgment being appealed. *See* App.R. 3(D) ("The notice of appeal . . . shall designate the judgment, order or part thereof appealed from . . .").

**{¶9}** The motion to vacate did raise arguments regarding the lack of evidentiary support for and factual findings in the CSPO, but even if we construed the first assignment of error as a challenge to the entry denying the motion to vacate, it would be meritless. Initially, we observe that Mason has not identified any legal authority which authorizes a motion to vacate a R.C. 2903.214 CSPO. R.C. 2903.214(J) addresses, among other things, the assessment of costs for the modification or dismissal of a protection order. However, "R.C. 2903.214 does not expressly provide for the modification or termination of a CSPO." *C.K.R.M. v. K.O.H.*, 2025-Ohio-3001, ¶ 12 (2d Dist.). "Nevertheless, some Ohio appellate districts have held that an order made pursuant to R.C. 2903.214 is subject to modification or termination "'if the movant shows that the original circumstances have materially changed and it is no longer equitable for the order to continue.'"" *Id.* at ¶ 12, quoting *Jones v. Hunter*, 2009-Ohio-917, ¶ 12 (11th Dist.), quoting *Prostejovsky v. Prostejovsky*, 2007-Ohio-5743, ¶ 26 (5th Dist.). In addition, some districts have suggested that a court can grant relief from a CSPO under Civ.R. 60(B). *See generally Copas v. Luikart*, 2025-Ohio-1694, ¶ 11, 13, 15, 47 (12th Dist.) (trial court denied motion it construed as a Civ.R. 60(B) motion for relief from judgment granting a CSPO on merits, and appellate court affirmed); *T.D. v. C.N.*, 2018-Ohio-1840, ¶ 25, 44 (8th Dist.) (trial court did not abuse discretion in denying Civ.R. 60(B) motion for relief from judgment

granting a CSPO because there were no allegations of operative facts to show relief was warranted).

**{¶10}** Mason's motion to vacate did not argue that the original circumstances materially changed, and even if we construed the motion as a Civ.R. 60(B) motion, Mason has not shown the trial court erred in denying it. Initially, we observe that the trial court could have rejected the argument Mason made in his motion regarding the lack of evidentiary support for and factual findings in the CSPO based on the doctrine of res judicata because Mason could have raised them in a direct appeal from the CSPO. *See State v. Stamper*, 2018-Ohio-5376, ¶ 11 (4th Dist.), citing *In re B.C.S.,* 2008-Ohio-5771, ¶ 14 (4th Dist.) ("The doctrine of res judicata bars claims that the defendant raised or could have raised on direct appeal"); *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 16 ("It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion"). But even if the doctrine did not apply, the argument in support of the first assignment of error fails to address the fact that Mason waived his right to a full hearing, the fact that Mason consented to the CSPO, and the case law the trial court relied upon to conclude that consent orders are authorized in the context of civil protection orders issued pursuant to R.C. 2903.214. And while the second assignment of error challenges the validity of the waiver, as we explain below, it lacks merit.

**{¶11}** Accordingly, we overrule the first assignment of error.

### B. Second Assignment of Error

**{¶12}** In the second assignment of error, Mason contends the trial court erred and abused its discretion by denying his motion to vacate because his "purported waiver was

not knowing, voluntary, or intelligent," and the CSPO "was improperly obtained as a condition of a criminal plea." Citing "Nolan v. Nolan, 2016-Ohio-2987, ¶ 12," Mason asserts that "[a] valid waiver must be knowing, voluntary, and intelligent." Mason claims his "attorney pressured him financially, withheld meaningful assistance, and participated in a process tainted by irregularities and coercion." He claims "[t]he May 20, 2025 hearing occurred simultaneously with a scheduled criminal case hearing," and he "was physically rushed between courtrooms while a clearly annoyed judge demonstrated impatience throughout." He asserts that when his attorney arrived, his attorney stated for the first time that he should not be fighting for the children, that he could be sued, and that if he wanted to contest the CSPO, he had to pay "over $1,000 immediately for further representation." Mason claims his attorney effectively admitted that his ability to challenge the CSPO "had become an afterthought in a broader, calculated effort to block his participation entirely," and Mason was "shocked and confused by these disclosures, which contributed to his inability to meaningfully engage with the process." Mason claims his "blood sugar was significantly elevated at the time of the hearing, causing severe brain fog and impairing his ability to read or process the waiver documents or to fully understand the legal implications of his actions." In addition, he asserts that "informal courtroom remarks reflected prejudgment and cynicism, including a comment that [SCOJFS's counsel] was so confident Appellant would not appear that she joked about buying Appellant's attorney Starbucks."

{¶13} Mason has not shown the trial court erred by denying his motion to vacate because his purported waiver was not knowing, voluntary, or intelligent. Contrary to what Mason asserts, his motion to vacate did not argue that his waiver was not knowing,

intelligent, or voluntary. "It is well-settled that a party may not raise new issues or legal theories for the first time on appeal." *In re B.S.*, 2024-Ohio-5183, ¶ 74 (4th Dist.), citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975). "Thus, a litigant who fails to raise an argument before the trial court forfeits the right to raise that issue on appeal." *Id.*, citing *Independence v. Office of the Cuyahoga Cty. Executive*, 2014-Ohio-4650, ¶ 30. Even if Mason had not forfeited his waiver argument, it lacks merit. The only legal authority Mason cites in support of his argument is non-existent. The case citation 2016-Ohio-2987 is assigned to *State v. Hari*, not *Nolan v. Nolan*, and *State v. Hari* does not address the subject of waiver. Moreover, none of the facts Mason relies on to support his waiver argument are in the record on appeal.

{¶14} Mason has also not shown that the trial court erred by denying his motion to vacate because the CSPO was improperly obtained as a condition of a criminal plea. The trial court did not address this contention because it was based on an inaccurate citation. And on appeal, Mason cites no legal authority to support the contention that the CSPO was improperly obtained as a condition of a criminal plea. *See* App.R. 16(A) (appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies"). Accordingly, we overrule the second assignment of error.

### C. Conclusion

{¶15} Having overruled the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the VINTON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
          Michael D. Hess, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**