[Cite as *Hayberg v. Tamburello*, 2013-Ohio-3451.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| LEWIS HAYBERG | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Petitioner-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013 AP 02 0011 |
| JOHN TAMBURELLO | : |  |
|  | : |  |
| Respondent-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Tuscarawas County
                             Court of Common Pleas, Case No. 2011
                             PO 12 1242

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      August 1, 2013

APPEARANCES:

For Petitioner-Appellee                For Respondent-Appellant

CRAIG G. PELINI                        JOHN A. TAMBURELLO
8040 Cleveland Avenue N.W, Ste. 400    6842 Paula Drive
North Canton, OH  44720                Middleburg Heights, OH 44130

*Gwin, P.J.*

{¶1} Appellant appeals the January 28, 2013 judgment entry of the Tuscarawas County Common Pleas Court denying his emergency motion for relief to terminate protection immediately.

*Facts & Procedural History*

{¶2} Appellant John Tamburello resides in Cuyahoga County. In May of 2011, appellant's house was damaged when a tree fell through his home during a storm. Appellant hired appellee Lewis Hayberg's company to repair and/or restore parts of his damaged home. Appellant and appellee subsequently had a dispute regarding the repair and restoration of the home and whether the work was appropriately completed. Appellant and appellee are currently still involved in civil litigation in Cuyahoga County Common Pleas Court.

{¶3} Appellee filed a petition for civil stalking protection order on December 6, 2011 against appellant alleging appellant threatened him and his family. An ex parte hearing was held before a magistrate on December 7, 2011 and the ex parte protection order was granted on December 7, 2011. A full hearing was set for December 16, 2011. On December 14, 2011, appellant filed a motion to dismiss protection order. A full hearing was held before the magistrate on December 16, 2011. Appellant did not appear for the hearing. The magistrate granted the protection order against appellant for five (5) years. The trial court approved and adopted the magistrate's decision.

{¶4} Appellee filed a motion for order to show cause against appellant on January 11, 2012 and appellant filed a motion to terminate and dismiss protection order on January 27, 2012 and a renewed motion to dismiss on January 30, 2012. A hearing

was held before the magistrate on February 27, 2012. The magistrate issued a decision on March 2, 2012, denying appellant's motion to terminate protection order and finding appellant in contempt based upon a series of threatening emails sent by appellant to appellee. Appellant filed objections to the magistrate's decision on March 13, 2012. On March 28, 2012, the trial court issued a decision adopting the magistrate's decision, denying appellant's motion to terminate protection order, and granting appellee's motion for civil contempt.

{¶5} Appellant filed a motion for relief and motion to show cause, requesting that the civil protection order be immediately terminated, as he believed it would negatively impact his insurance licenses. The magistrate held a hearing on the motion on July 23, 2012. Appellant testified he had to have the protection order terminated immediately to continue his career and if he could not continue his career, he could not afford the health insurance that was keeping him alive. Appellant also argued he was physically incapable of harming appellee. On August 8, 2012, the magistrate issued a decision on appellant's motion for relief and motion to show cause. The magistrate denied appellant's motion to terminate the protection order and denied contempt against appellee and his attorneys. Appellant filed objections and supplemental objections to the magistrate's August 8th decision. The trial court held an oral hearing on September 24, 2012. Appellant detailed to the trial court his health issues and argued the civil protection order caused him to lose his job because he could not obtain his insurance licenses. Appellant stated he could not pay for health insurance for medically necessary procedures and treatment with the existence of the protection order.

Appellant admitted anger got the better of him when he was dealing with appellee, but that he was in no physical position to actually harm appellee.

{¶6} On September 28, 2012, the trial court issued a judgment entry overruling appellant's initial and supplemental objections to the magistrate's decision and adopted the magistrate's decision. On October 15, 2012, appellant filed a notice of appeal with this Court, appealing the September 28th judgment entry overruling appellant's initial and supplemental objections to the magistrate's decision. That appeal was dismissed on December 26, 2012 for want of prosecution because appellant failed to file an appellant's brief. Appellant filed a motion to reverse the previous decision and terminate the protection order on October 25, 2012. The trial court denied the motion on November 2, 2012.

{¶7} On January 18, 2013, appellant filed an emergency motion for relief to terminate protection immediately. Appellant requested immediate termination of the protection order because the protection order caused a loss of income and caused his inability to pay for health insurance. On January 28, 2013, the trial court denied appellant's emergency motion for relief to terminate protection immediately, citing to the previous decisions for its reasons in denying the motion. Appellant filed an appeal of this decision on February 26, 2013.

{¶8} Appellant does not specifically enumerate his assignments of error. However, after reviewing appellant's brief and contentions, we have interpreted his assignments of error as follows:

{¶9} "I. THE TRIAL COURT DOES NOT HAVE JURISDICTION.

{¶10} "II. THE MAGISTRATE AND TRIAL JUDGE ARE BIASED AGAINST APPELLANT BECAUSE HE IS NOT A RESIDENT OF TUSCARAWAS COUNTY.

{¶11} "III. THE CONTINUATION OF THE CIVIL PROTECTION ORDER IS UNDULY BURDENSOME AND EXCESSIVE IN THAT IT SEVERELY AFFECTS APPELLANT'S CAREER AND ABILITY TO PAY HEALTH INSURANCE.

{¶12} "IV. THE CIVIL PROTECTION ORDER IS CRUEL AND UNUSUAL PUNISHMENT.

{¶13} "V. THE TRIAL COURT VIOLATED THE AMERICANS WITH DISABILIES ACT BECAUSE APPELLANT HAS COPD, PTSD, HEART PROBLEMS, AND CANCER."

{¶14} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

> (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶15} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

**{¶16}** This appeal shall be considered in accordance with the aforementioned rules.

*Pro Se Appellants*

**{¶17}** We understand appellant has filed this appeal pro se. However, "like members of the bar, pro se litigants are required to comply with the rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall*, 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶ 11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005-Ohio-6494, ¶ 4 (internal quotations omitted).

**{¶18}** In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528 (2001), the Ohio Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." See *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978). Further, the "record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227 (1963). New material and factual assertions contained in any brief in this court may not be considered. See *North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, quoting *Dzina v. Celebreeze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16. Therefore, we have disregarded facts and documents in appellant's brief that are outside of the record.

{¶19} In the interests of justice, we shall attempt to consider appellant's assignments of error.

I.

{¶20} Appellant first argues the trial court has no jurisdiction in this case because appellant is a resident of Cuyahoga County and the alleged actions took place in Cuyahoga County. R.C. 2903.214 deals with civil stalking protection orders. R.C. 2903.14(B) provides, "[t]he court has jurisdiction over all proceedings under this section." "Court" as used in R.C. 2903.214(B) is defined as, "the court of common pleas of the county in which the person to be protected by the protection order resides." R.C. 2903.214(A)(1). The statute thus confers jurisdiction over requests for protection orders to the court of common pleas of the county in which the person to be protected resides. Appellee, the person to be protected, resides in Tuscarawas County and thus Tuscarawas County Common Pleas Court has jurisdiction over appellee's petition for civil protection order. Appellant fails to present any legal authority that the trial court issuing the protection order does not have jurisdiction to hear a motion to terminate the protection order. Accordingly, appellant's first assignment of error is overruled.

II.

{¶21} Appellant next argues both the magistrate and trial judge are biased against him because he is not a resident of Tuscarawas County.

{¶22} We first note that the magistrate did not rule on appellant's January 18th emergency motion to dismiss the protection order in the January 28th judgment entry. The trial judge himself issued the judgment entry. Therefore, there is no bias by the magistrate with regard to the judgment entry at issue in this case.

**{¶23}** It is well-established that, pursuant to R.C. 2701.03, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced. See *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist. 1995). If a common pleas litigant wishes to raise a challenge to a trial judge's objectivity, he or she must utilize the procedure set forth in R.C. 2701.03. See *In re Baby Boy Eddy*, 5th Dist. No. 99CA22, 2000 WL 1410 (1999). In this case, there is no indication that appellant followed the necessary procedures to bring a bias claim before the Chief Justice.

**{¶24}** Appellant's second assignment of error is therefore overruled.

III.

**{¶25}** A trial court may modify or vacate a civil stalking protection order if the movant shows that the original circumstances have materially changed and it is no longer equitable for the order to continue. *Prostejovsky v. Prostejovsky*, 5th Dist. No. 06-COA-033, 2007-Ohio-5743 (Oct. 25, 2007). We review a ruling on a motion to terminate a civil protection order for an abuse of discretion. *Jones v. Rose*, 4th Dist No. 09CA7, 2009-Ohio-4347. To find an abuse of discretion, this court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶26}** We find the trial court did not abuse its discretion in denying appellant's emergency motion for relief to terminate protection immediately. While the trial court was sympathetic towards appellant and the circumstances regarding his health and employment situation, the trial court did not find a material change in circumstances

warranting termination of the protection order. The protective order in this case was issued because the trial court found appellant made threats toward appellee and his family. After the protection order was issued, the trial court found appellant in contempt based upon a series of threatening emails sent by appellant to appellee and appellant's continued contact with appellee. Based on our review of the record, we do not find the trial court abused its discretion in finding appellant did not demonstrate a material change in circumstances and in not terminating the civil protection order. Appellant's third assignment of error is overruled.

### IV. & V.

**{¶27}** Appellant asserts in his brief that the civil protection order is cruel and unusual punishment and that the trial court's actions violated the Americans with Disabilities Act because appellant has COPD, PTSD, heart problems, and cancer.

**{¶28}** "If an argument exists that can support [an] assignment of error, it is not the court's duty to root it out." *Thomas v. Harmon*, 4th Dist. No. 08CA17, 2009-Ohio-3299, ¶ 14, quoting *State v. Carman*, 8th Dist. No. 90512, 2008-Ohio-4368, ¶ 31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Bowell*, 9th Dist. No. 24184, 2009-Ohio-1211, ¶ 16, quoting *Kramer v. Cox,* 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist. 1996). We may thus disregard an assignment of error that "fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc,* 4th Dist. No. 07CA4, 2008-Ohio-2194, ¶ 12. See also, App.R. 16(A) and App. R. 12(A)(2). In this case, appellant has failed to provide any explanation concerning the legal reasons or

evidence in support of his argument that the civil protection order is cruel and unusual punishment and that the trial court violated the Americans with Disabilities Act. Accordingly, appellant's fourth and fifth assignments of error are overruled.

{¶29} Based on the foregoing, the judgment entry of the Tuscarawas County Common Pleas Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0723

[Cite as *Hayberg v. Tamburello*, 2013-Ohio-3451.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LEWIS HAYBERG | : | |
| | : | |
| Petitioner-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOHN TAMBURELLO | : | |
| | : | |
| | : | |
| Respondent-Appellant | : | CASE NO. 2013 AP 02 0011 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment entry of the Tuscarawas County Common Pleas Court is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE