[Cite as *Sheerer v. Billak*, 2017-Ohio-1556.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104879

# NATALIE SHEERER

PETITIONER-APPELLEE

vs.

# SCOTT BILLAK

RESPONDENT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-863037

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 27, 2017

**ATTORNEY FOR APPELLANT**

Seneca Konturas
Law Offices of Seneca Konturas, L.L.C.
125 S. Water Street, Suite 3/4
Kent, OH 44240


**ATTORNEY FOR APPELLEE**

Dustin N. Smith
Bartos & Bartos, L.P.A.
20220 Center Ridge Rd., Suite 320
Rocky River, OH 44116

TIM McCORMACK, P.J.:

{¶1}     Respondent-appellant Scott Billak appeals from the trial court's denial of the parties' joint motion to modify or dismiss the court's order of a civil stalking protection order ("CSPO") issued under R.C. 2903.214.   For the following reasons, we affirm.

{¶2}   On May 10, 2016, petitioner-appellee Natalie Sheerer filed a petition for a CSPO against Billak, her ex-boyfriend.   Following an ex parte hearing, the trial court issued an order of protection, effective until June 8, 2016.   The court scheduled a full hearing for May 23, 2016.   At Sheerer's request, however, the hearing was continued until May 31, 2016, in order for the parties to reach an agreement on the protection order.   The hearing was continued once again, this time upon the parties' mutual request, in an effort to reach a settlement on the matter.

{¶3}   On June 8, 2016, Sheerer appeared in court for the full hearing and presented the court with an agreed entry for a "no-contact" order for a period of five years.   Neither Billak nor his attorney appeared.   Sheerer requested the trial court adopt the agreement in place of the CSPO.   The court declined to do so, stating that the agreed no-contact order placed reciprocal obligations upon the petitioner and the respondent, and because there was no petition filed against Sheerer, the court lacked jurisdiction to impose any restrictions on Sheerer.

{¶4}   The trial court noted on the record that Billak's counsel had not entered an appearance on the matter and neither Billak nor his attorney was present.   The court then

permitted Sheerer's counsel to phone Billak's counsel. Counsel contacted Billak's attorney on the telephone. The attorney acknowledged his representation of Billak, and he indicated he had nothing to add to the matter. Because the court declined to accept the parties' agreed entry and the ex parte protection order would expire that same day, Sheerer elected to proceed with the full hearing.

{¶5} The court then conducted a full hearing on the CSPO, hearing the petitioner's testimony, and it found that Billak had engaged in conduct that includes menacing by stalking and that this conduct has caused Sheerer mental distress. Thereafter, the court made its findings of facts and issued a protection order for five years, expiring in May 2021.

{¶6} Following the issuance of the protection order, Billak retained new counsel. With the assistance of new counsel, the parties drafted a revised no-contact order, eliminating the "reciprocal" obligations to which the trial court had initially objected. On August 4, 2016, the parties filed a joint motion under Civ.R. 60(B) to modify or terminate the court's order of protection issued on June 8, 2016. In their motion, the parties requested that the court dismiss the CSPO and adopt the proposed agreed entry for no-contact order, stating that the entry reflects the joint intentions of both Sheerer and Billak and their desire to settle the matter upon the terms of the agreed entry.

{¶7} The trial court denied the parties' joint motion, finding the motion not well taken under Civ.R. 60(B). Based upon "the evidence submitted at the full hearing on

[the] matter, the court's prior findings, and the joint request to modify the order of this court," the court ordered that the CSPO entered in June 2016 remain in effect until 2021.

**{¶8}** Respondent Billak now appeals from the trial court's decision, claiming the court erred "when it failed to grant petitioner-respondent's joint motion to modify a prior court order granting a civil stalking protection order and replace it with an agreed entry of no contact order." Petitioner-appellee Sheerer has not filed a brief on appeal.

**{¶9}** Billak contends that under Civ.R. 60(B), he is entitled to relief from judgment. Civ.R. 60(B) delineates various reasons a trial court may relieve a party from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation, or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Specifically, Billak claims that he is entitled to relief under Civ.R. 60(B)(1), (4), and/or (5).

**{¶10}** In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must establish that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Failure to prove any of the three elements is

fatal to the motion because the elements are "independent and in the conjunctive, not the disjunctive." *Id.* at 151.

{¶11} Billak also contends that he is entitled to relief through the court's authority to modify or vacate the civil stalking protection order. Where the moving party demonstrates that the original circumstances have materially changed and it is no longer equitable for the order to continue, a trial court may modify or vacate a CSPO. *Cipriani v. Ehlert*, 8th Dist. Cuyahoga No. 103767, 2016-Ohio-5840, ¶ 7; *Jones v. Hunter*, 11th Dist. Portage No. 2008-P-0015, 2009-Ohio-917, ¶ 12 (stating that although there is no section of R.C. 2903.214 that provides for a modification of a CSPO, a trial court may review an order made under this statute); *Prostejovsky v. Prostejovsky*, 5th Dist. Ashland No. 06-COA-033, 2007-Ohio-5743, ¶ 26 (likening a CSPO to a permanent injunction). As the Fifth District in *Prostejovsky* explained, "'the court cannot be required to disregard significant changes in law or facts if it is "satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong."'" *Id.* at ¶ 25, quoting *System Fedn. No. 91, Ry. Emp. Dept. v. Wright*, 364 U.S. 642, 647, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961), quoting *United States v. Swift & Co.*, 286 U.S. 106, 114-115, 52 S.Ct. 460, 76 L.Ed. 999 (1932).

{¶12} We review appeals from the denial of a motion for relief from judgment under Civ.R. 60(B) for an abuse of discretion. *Syed v. Poulos*, 8th Dist. Cuyahoga Nos. 103137 and 103499, 2016-Ohio-3168, ¶ 38. Likewise, we review a trial court's decision whether or not to terminate a protection order issued under R.C. 2903.214 for an abuse of

discretion. *Delaine v. Smith*, 8th Dist. Cuyahoga No. 103860, 2016-Ohio-5250; *Hayberg v. Tamburello*, 5th Dist. Tuscarawas No. 2013AP0011, 2013-Ohio-3451, ¶ 25. The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13} Here, the trial court based its decision to deny relief from the protection order, or deny the motion to modify or terminate the order, upon the evidence submitted at the full hearing, which consisted of the petitioner's testimony. R.C. 2903.14 governs the issuance of a civil stalking protection order and provides that the court may issue a protection order to protect a victim of menacing by stalking. R.C. 2903.211, entitled "menacing by stalking," provides that

> [n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person.

R.C. 2903.211(A)(1).

{¶14} A "pattern of conduct" is "two or more actions or incidents closely related in time[.]" R.C. 2903.211(D)(1). A perpetrator acts "knowingly" when he is aware his conduct will probably cause a certain result. R.C. 2901.22(B). "Mental distress" is defined as any mental illness or condition that either causes temporary substantial incapacity or would require treatment by a mental health professional or other mental health services, whether or not help was actually sought. R.C. 2903.211(D)(2).

{¶15} At the full protection order hearing, Sheerer testified that she and Billak had been dating. After the relationship ended, Billak began texting and calling daily and he appeared at her residence uninvited on three occasions. He presumably followed another tenant in the building and made his way to her apartment. On one of these occasions, he was extremely intoxicated. Billak also appeared at her place of employment on two occasions, waiting for her in the parking lot. The second time he appeared at Sheerer's work place, Billak attempted to block Sheerer from entering her vehicle. Sheerer testified that Billak continued to contact her after she obtained legal counsel, who requested that Billak no longer contact Sheerer.

{¶16} Sheerer also testified that she had been seeking mental health treatment while she was dating Billak and Billak was aware of her treatment. Sheerer stated that she felt "somewhat" threatened and intimidated by Billak, knowing he has a "fiery temper and owns firearms." On one occasion, during an argument with Billak, he, in fact, produced a gun. She began to feel "slightly paranoid about [her] surroundings, being worried that [Billak] may show up" at her residence or work, noting that the two of them worked near each other. When she noticed him following her in the past, she would take a different route home or drive by the police station near her home. She ultimately moved her residence, because she worried that Billak would continue to follow her home. Finally, Sheerer testified that she continued to seek mental health treatment because of Billak's conduct, stating that her anxiety from which she suffered had worsened.

{¶17} Billak did not appear at the full hearing upon the advice of counsel. Billak stated in the joint motion for relief that he believed the court would adopt the parties' proposed settlement agreement.

{¶18} Following Sheerer's testimony, the trial court concluded that the evidence established Billak engaged in conduct that included menacing by stalking as defined above and this behavior caused Sheerer mental distress "for which she is under medical treatment and in fear." The court also determined that the protection order is "equitable, fair, and necessary to protect [the petitioner] from the stalking offense."

{¶19} Under the circumstances, and in light of the deferential standard of review, we cannot find that the trial court abused its discretion in denying the parties' joint motion to modify or terminate the civil stalking protection order. The court relied upon the evidence and findings made during the full protection order hearing in June, and it determined that Sheerer's testimony established all of the elements of menacing by stalking. The trial court was free to consider this evidence in making its determination. *See Delaine*, 8th Dist. Cuyahoga No. 103860, 2016-Ohio-5250, at ¶ 23 (finding that because a hearing is not required on a request to terminate, it was free to rely on evidence and findings established at the full protection hearing); *Jones*, 11th Dist. Portage No. 2008-P-0015, 2009-Ohio-917, at ¶ 15 (stating that the trial court could not properly evaluate whether or not the original circumstances have materially changed without considering the respondent's conduct that gave rise to the issuance of the CSPO). In denying the motion, the trial court implicitly determined that the parties failed to establish

any grounds for relief under Civ.R. 60(B), there was no material change in the original circumstances that caused the order to be issued, and prospective application of the protection order would not be inequitable. The trial court's decision was supported by the evidence obtained at the hearing on the full protection order and therefore not unreasonable, arbitrary, or unconscionable.

{¶20} Billak's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION ATTACHED)

SEAN C. GALLAGHER, J., DISSENTING:

{¶21} I respectfully dissent. The parties in this case approached the trial court with a consent agreement before the full hearing on the civil stalking protection order.

Parties should always be encouraged to work out their differences before requiring a trial court's intervention. The parties attempted to consent to an agreement that would accomplish the goals of any protection order but without the drain on court resources. R.C. 2903.214 does not use the terms "protection order" and "consent agreement" interchangeably. R.C. 2903.214(J). Division (E) precludes a court from issuing a "protection order" that requires reciprocal burdens but is otherwise silent as to consent agreements entered under the section. Thus, R.C. 2903.214(E) does not preclude parties from entering a consent judgment that involves reciprocal burdens. Even if we considered the terms synonymous and if the parties' agreement to reciprocal burdens may not be authorized by statute, the statutory preclusion is not jurisdictional. Parties are free to waive a statutory right by contract. *Sanitary Commercial Servs., Inc. v. Shank*, 57 Ohio St.3d 178, 180, 566 N.E.2d 1215 (1991). Nevertheless, the protection order was not timely appealed.

{¶22} In a continuing effort to receive that which was requested, the petitioner and respondent filed a joint motion to modify the protection order (or in the alternative a motion under Civ.R. 60(B)) and offered a consent judgment in its place. The trial court once again denied that request under the auspices of Civ.R. 60(B), claiming that our decision in *Delaine v. Smith*, 8th Dist. Cuyahoga No. 103860, 2016-Ohio-5250, demanded as much. In this case, both parties agreed that Civ.R. 60(B)(4) or (5) applied or, in the alternative, that the trial court had jurisdiction to modify the protection order independent of a Civ.R. 60(B) motion. I agree with the parties.

{¶23} Reliance on *Delaine* for the proposition that Civ.R. 60(B) is applicable to motions to modify protection orders is misplaced. *Delaine* held that no hearing is required on a motion to terminate a protection order filed four years after the protection order was issued. The facts of this case are different and warrant different considerations, but of note was the fact that the respondent in *Delaine* filed a motion to terminate the protection order and not a motion for relief from a final judgment under Civ.R. 60(B). The trial court did not determine whether the protection order could be modified; its sole consideration was the requirements of Civ.R. 60(B), which are not applicable in light of the trial court's continuing jurisdiction to consider modification of the protection order.[1] The trial court thus erred in applying the Civ.R. 60(B) requirements to the motion to modify the protection order.

{¶24} I would reverse the trial court's decision and remand for further proceedings.

---

[1]It should also be noted that although R.C. 2903.214 does not expressly provide for modification of an order, division (J) does provide that no court may charge a petitioner any fee and the respondent may be assessed court costs in the connection with the modification of the protection order or consent agreement and Civ.R. 65.1 expressly provides for service of a motion for modification.