[Cite as *Reising v. Reising*, 2017-Ohio-2859.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 104864

---

## JOSEPH REISING

PETITIONER-APPELLEE

vs.

## KELLY REISING

RESPONDENT-APPELLANT

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-803373

**BEFORE:** Boyle, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 18, 2017

**ATTORNEYS FOR APPELLANT**

Paul W. Vincent
Adam James Vincent
18500 Lake Road, Suite 230
Rocky River, Ohio   44116


**ATTORNEY FOR APPELLEE**

Brian W. Sharkin
Law Office of Brian W. Sharkin
P.O. Box 770824
Lakewood, Ohio   44107

MARY J. BOYLE, J.:

{¶1} Respondent-appellant, Kelly Reising, appeals from the trial court's judgment denying her motion to terminate a civil stalking protection order ("CSPO"). For the reasons that follow, we reverse and remand with instructions.

## I. Procedural History

{¶2} In March 2013, petitioner-appellee, Joseph Reising, filed a petition for a civil stalking protection order pursuant to R.C. 2903.214 against Kelly. Joseph sought a protection order on behalf of himself, his two daughters whom he fathered with Kelly, his current wife, and his current wife's two children. The trial court granted an ex parte temporary CSPO and set a full hearing accordingly.

{¶3} On April 2, 2013, the trial court held a full hearing and granted the CSPO as requested. Although the trial court did not make findings of fact, it checked the paragraph in the CSPO that stated as follows:

> The Court finds by a preponderance of the evidence that 1) the Respondent has knowingly engaged in a pattern of conduct that caused Petitioner to believe that the Respondent will cause physical harm or cause or has caused mental distress; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from stalking offenses.

The trial court ordered the CSPO to remain in effect until April 2, 2018.

{¶4} On April 27, 2016, Kelly filed her motion to terminate the CSPO, arguing that the original circumstances leading to the CSPO had materially changed and that the CSPO was no longer equitable. Kelly asked the trial court to terminate the CSPO so that she could have contact with her two daughters whom she had not had contact with for

three years.

**{¶5}** The trial court held a hearing on Kelly's motion to terminate at which Kelly and Joseph testified. The trial court did not announce her decision orally at the hearing.

**{¶6}** On August 4, 2016, the trial court issued a judgment that denied Kelly's motion to terminate and ruled, "Hearing held 08/03/2016 on respondent's motion to terminate C.S.P.O. Court reporter present. The court finds respondent failed to show by clear and convincing evidence that the protection order should be terminated. Respondent's motion is denied."

**{¶7}** It is from this judgment that Kelly appeals.[1]

**{¶8}** Kelly raises the following two assignments of error:

1. The lower court erred to the prejudice of the appellant when it applied the clear and convincing standard when Ohio law requires only a preponderance of the evidence.

2. The lower court abused its discretion to the prejudice of the appellant when it found appellant had not met the requirements necessary for a modification of the civil protection order and denied her motion to terminate the civil protection order.

## II. Standard of Review

**{¶9}** Trial courts have discretion in deciding whether or not to grant a motion to terminate a civil stalking protection order, and our review is limited to an abuse of

---

[1]Joseph did not file a brief in this case. According to App.R. 18(C), we "may accept [Kelly's] statement of the facts and issues as correct and reverse the trial court's judgment if [Kelly's] brief reasonably appears to sustain such action."

discretion. *Delaine v. Smith*, 8th Dist. Cuyahoga No. 103860, 2016-Ohio-5250, ¶ 16, citing *Hayberg v. Tamburello*, 5th Dist. Tuscarawas No. 2013 AP 02 0011, 2013-Ohio-3451. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *In re C.K.*, 2d Dist. Montgomery No. 25728, 2013-Ohio-4513, ¶ 13, citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). An abuse of discretion exists when a court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. *Thomas v. Cleveland*, 8th Dist. Cuyahoga No. 89724, 2008-Ohio-1720, ¶ 15, citing *Berger v. Mayfield Hts.*, 265 F.3d 399, 402 (6th Cir.2001).

## III. Standard of Proof

{¶10} In her first assignment of error, Kelly argues that the trial court erroneously applied a clear and convincing standard of proof when it denied her motion to terminate the CSPO. We agree.

{¶11} It is well established that in order to obtain a civil stalking protection order under R.C. 2903.214, a petitioner must show, by a preponderance of the evidence, that the respondent engaged in conduct constituting "menacing by stalking" as defined in R.C. 2903.11. *Delaine,* 8th Dist. Cuyahoga No. 103860, 2016-Ohio-5250, at ¶ 17, citing *Wulf v. Opp*, 12th Dist. Clermont No. CA2014-10-1074, 2015-Ohio-3285; *see also Strausser v. White*, 8th Dist. Cuyahoga No. 85174, 2009-Ohio-3597.

{¶12} R.C. 2903.214 does not expressly provide for modification or termination of

a civil stalking protection order.[2]    Ohio courts, however, have held that a trial court may modify or terminate a civil stalking protection order if the movant shows that the original circumstances have materially changed and it is no longer equitable for the order to continue.    *Sheerer v. Billak*, 8th Dist. Cuyahoga No. 104879, 2017-Ohio-1556, ¶ 11, citing *Cipriani v. Ehlert*, 8th Dist. Cuyahoga No. 103767, 2016-Ohio-5840.

{¶13} After reviewing R.C. 2903.214, we note that the statute is silent as to the standard of proof needed to terminate a civil stalking protection order. The Supreme Court of Ohio has held that when a statute is silent on the standard of proof, a preponderance of the evidence is the proper standard.    *Felton v. Felton*, 79 Ohio St.3d 34, 42, 679 N.E.2d 672 (1997).

{¶14} Moreover, we find that our decision in *Delaine*, 8th Dist. Cuyahoga No. 103860, 2016-Ohio-5250, provides guidance on the standard of proof.    The trial court in *Delaine* failed to hold a hearing on the respondent's motion to terminate, but it denied the motion by referring to the original judgment that granted the civil stalking protection order.    The trial court's original judgment "found, by the preponderance of the evidence[,]" that the civil stalking protection order should be granted.    Therefore, the court in *Delaine* applied a preponderance of the evidence standard of proof when it ruled on the motion to terminate the civil stalking protection order.    *See also Schneider v.*

---

        [2]    Although R.C. 2903.214 does not expressly provide for modification of a civil stalking protection order, division (J) does provide in relevant part that no court "shall charge the petitioner" any fee or cost in connection with the filing, issuance, or modification of a protection order, but that it "may assess costs against the respondent" for the same.

*Razek*, 8th Dist. Cuyahoga Nos. 100939 and 101011, 2015-Ohio-410 (pursuant to R.C. 3113.31(E)(8), a domestic violence civil protection order statute similar to R.C. 2903.214, the trial court applied a preponderance of the evidence standard of proof to determine whether to modify or terminate a protection order); *see also Striff v. Striff*, 6th Dist. Wood No. WD-02-031, 2003-Ohio-794, ¶ 12 (in determining whether to extend a civil stalking protection order, the trial court applied a preponderance of the evidence standard of proof).

{¶15} Courts abuse their discretion when they apply the wrong standard of proof in rendering their decisions. In *State ex rel. Dewine v. Valley View Ents.*, 11th Dist. Trumbull No. 2014-T-0051, 2015-Ohio-1222, the trial court erroneously interpreted the applicable water pollution control statute and held the state to a higher standard of proof than required. *Dewine* at ¶ 28. Thus, the Eleventh District reversed and remanded the matter so that the trial court could apply the lower preponderance of the evidence standard of proof to determine the relevant issues. *Id.*; *see also In re Simers*, 4th Dist. Washington No. 06CA30, 2007-Ohio-3232 (trial court abused its discretion when it applied an incorrect legal standard when evaluating a name-change application).

{¶16} Here, the trial court did not apply the preponderance of the evidence standard of proof when it ruled on Kelly's motion to terminate the CSPO. Rather, the trial court used the clear and convincing evidence standard. "Clear and convincing evidence" is a measure of proof that is more than a mere "preponderance of the evidence." *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954). Because

the trial court improperly applied a higher standard of proof than the law required in deciding Kelly's motion to terminate, we find that the trial court abused its discretion. Moreover, a review of the judgment denying the motion to terminate suggests that the trial court failed to consider whether Kelly showed that the original circumstances materially changed and whether the CSPO was still equitable.

{¶17} Accordingly, we sustain Kelly's first assignment of error and vacate the trial court's judgment dated August 4, 2016, that denied Kelly's motion to terminate the CSPO. We remand this matter to the trial court with instructions to apply a preponderance of the evidence standard of proof in determining whether Kelly proved that the original circumstances materially changed and whether it was no longer equitable for the CSPO to continue.

## IV.    Termination of the CSPO

{¶18} In her second assignment of error, Kelly argues that the trial court abused its discretion when it found Kelly had not met the requirements necessary to   terminate the CSPO.   Specifically, Kelly argues that the trial court had no evidence that she continued to be a threat to Joseph, her two children, Joseph's wife and her children but for the chaotic time period in 2013.   Kelly requests that this court terminate the CSPO.

{¶19} Because we vacate the trial court's August 4, 2016 judgment denying Kelly's motion to terminate the CSPO, however, we decline to address this issue as it is moot.

{¶20} Kelly's second assignment of error is overruled.   Judgment reversed and

remanded with instructions.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR