[Cite as *McMullen v. Withrow*, 2022-Ohio-657.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

CHRISTINA MCMULLEN,

       Petitioner-Appellant,

- v -

HERBERT LEON WITHROW,

       Respondent-Appellee.

CASE NO. 2021-L-034

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2019 CS 001980

**O P I N I O N**

Decided: March 7, 2022
Judgment: Affirmed

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent OH 44240 (For Petitioner-Appellant).

*Herbert Leon Withrow,* pro se, 4086 Boston Road, Lot 26, Brunswick, OH 44212 (Respondent-Appellee).

JOHN J. EKLUND, J.

{¶1} Appellant, Christina McMullen, appeals the Lake County Court of Common Pleas' order adopting the magistrate's decision denying Appellant's motion to terminate her Civil Stalking Protection Order ("CSPO") against Appellee, her former fiancé.

{¶2} On December 6, 2019, Appellant filed a petition for a CSPO against Appellee, claiming that he threatened to harm her and that she was in fear for her life.

{¶3} In her petition for the CSPO, Appellant wrote a personal statement, stating that on November 10, 2019, Appellee came to her house, threw her on the floor, and threatened to kill her. Appellant also stated that she attempted to drive away in her

vehicle, but Appellee hit her vehicle with his vehicle, totaling Appellant's vehicle. Appellant also wrote that Appellee had come to her house on previous occasions with bullets and a gun, causing her to fear for her life.

{¶4} On December 19, 2020, the magistrate conducted a full hearing on Appellant's petition for a CSPO. At the hearing, Appellant stated that Appellee threatened to "kill her just like he did his ex-wife." Appellee did not deny the accusation at the hearing.

{¶5} On March 19, 2020, the magistrate granted the CSPO and ordered that it remain effective until December 6, 2024. On March 24, 2020, the trial court adopted the magistrate's opinion.

{¶6} On July 24, 2020, four months after the court granted the CSPO, Appellant filed a motion seeking to terminate the CSPO, asserting that she and Appellee had reconciled, were in love, and that he was terminally ill and needed her help with his treatments.

{¶7} On September 8, 2020, the magistrate conducted a hearing on the motion to terminate the CSPO. On December 4, 2020, the magistrate denied Appellant's motion. On December 10, 2020, the trial court adopted the magistrate's opinion.

{¶8} The magistrate's opinion stated the reasons for denying Appellant's motion as:

> Here, besides the petitioner's change of heart toward the respondent, no material circumstances have changed between them. Their testimony simply attempted to place blame on the petitioner's parents as being manipulative. Their testimony never even attempted to specifically address the facts which led to the issuance of the CSPO in the first place, such as death threats.

2

Case No. 2021-L-034

{¶9}   Between December 17, 2020, and February 4, 2021, Appellant filed fourteen identical objections to the magistrate's opinion.  In each objection, Appellant asserted that she originally filed for the CSPO because her parents manipulated her, but they have since moved and "are no longer here to run my life and have control over my life."  Appellant also asserted that she is "not in any fear nor scared of Mr. Withrow."

{¶10}   On February 2, 2021, the trial court overruled Appellant's objections, stating that it found Appellant to be "disingenuous," that Appellant never discussed or denied the original allegations against Appellee, and that the evidence reflects that there was not any material change of circumstances to justify terminating the CSPO.  Rather, the trial court found that Appellant "simply regrets obtaining a CSPO."

{¶11}   "ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION SEEKING TO VACATE OR MODIFY THE CSPO IN THIS MATTER."

{¶12}   R.C. 2903.214 governs the requirements for issuing protection orders.   "It is well established that in order to obtain a civil stalking protection order under R.C. 2903.214, a petitioner must show, by a preponderance of the evidence, that the respondent engaged in conduct constituting 'menacing by stalking.'"  *Reising v. Reising*, 8th Dist. Cuyahoga No. 104864, 2017-Ohio-2859, ¶ 11.

{¶13}   There is no section of the revised code that provides for modification or termination of a CSPO.  *Jones v. Hunter*, 11th Dist. Portage No. 2008-P-0015, 2009-Ohio-917, ¶ 12.   However, "courts have held that an order made pursuant to R.C. 2903.214 is subject to modification or termination if the movant shows that the original circumstances have materially changed and it is no longer equitable for the order to

3

continue." *Id.* In other words, "'[t]he court cannot be required to disregard significant changes in law or facts if it is "satisfied that what it [h]as been doing has been turned through changing circumstances into an instrument of wrong."' *System Federation No. 91, Ry. Emp. Dept. v. Wright* (1961), 364 U.S. 642, 647, 81 S.Ct. 368, 371, quoting *United States v. Swift & Co.*, 286 U.S. 106, 114-115, 52 S.Ct. 460, 462." *Prostejovsky v. Prostejovsky*, 5th Dist. Ashland No. 06–COA–033, 2007–Ohio–5743, ¶ 25.

{¶14} The burden of proof required to terminate a CSPO is whether the petitioner demonstrates a material change of circumstances by a preponderance of the evidence. *Reising* at ¶ 13.

{¶15} "When reviewing an appeal from a trial court's decision to accept or reject a magistrate's decision, an appellate court must determine whether the trial court abused its discretion." *Hayes v. Hayes*, 11th Dist. Lake No.2005-L-138, 2006-Ohio-6538, ¶ 10.

> An abuse of discretion connotes more than a difference in opinion in the application of the law to the facts; it means rather that the trial court's decision was "unreasonable, arbitrary or unconscionable." [*Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).] In order to find error under an abuse-of-discretion standard, the reviewing court must find that there "is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, at 161, 553 N.E.2d 597.

*In re Sullivan*, 11th Dist. Geauga Nos. 2005–G–2641, 2005–G–2642, 167 Ohio App. 3d 458, 2006-Ohio-3206, 855 N.E.2d 554, ¶ 12.

{¶16} Here, Appellant contends that the trial court abused its discretion in adopting the magistrate's opinion.

4

Case No. 2021-L-034

{¶17} Appellant asserts there was a material change of circumstances justifying terminating the CSPO because 1) her parents wanted the CSPO ordered, but are no longer in her life; 2) Appellee is possibly terminally ill and she wants to take care of him; and 3) her and Appellee are in love and she no longer fears him.

{¶18} The trial court determined that Appellant did not demonstrate a material change of circumstances by a preponderance of the evidence because it found her testimony to be "disingenuous." The magistrate's opinion states that Appellant was placing blame on her parents without addressing the death threats that initiated the original filing. Lastly, the trial court determined that Appellant only had a "change of heart" and "simply regrets obtaining a CSPO." The trial court did not find that Appellant demonstrated a material change of circumstances beyond a preponderance of the evidence.

{¶19} We cannot find that the trial court abused its discretion in denying the motion to terminate Appellant's CSPO. It is not unreasonable, arbitrary, or unconscionable for the trial court to find that Appellant's "change of heart" was not a material change of circumstances. While Appellant claims Appellee's illness is a material change of circumstances, it was not unreasonable for the trial court to find their testimony "disingenuous" and characterize this as a mere "change of heart." Additionally, the trial court employed a sound reasoning process in denying the motion because Appellee's prior death threats toward Appellant showed he was a danger to her safety and their testimony did not demonstrate that he was no longer a threat to her. It was also not unreasonable for the trial court to find that Appellant's claim that her parents

5

"manipulated" her into seeking the CSPO shows that she "simply regrets obtaining a CSPO," and does not demonstrate a material change of circumstances.

{¶20} Appellant's assignment of error is without merit, and we affirm the judgment of the Lake County Court of Common Pleas.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

Case No. 2021-L-034