[Cite as *C.K.R.M. v. K.O.H.*, 2025-Ohio-3001.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | |
|---|---|
| C.K.R.M.<br><br>    Appellee<br><br>v.<br><br>K.O.H.<br><br>    Appellant | :<br>:  C.A. No. 2025-CA-18<br>:<br>:  Trial Court Case No. 24-CS-0307<br>:<br>:  (Appeal from Common Pleas Court-<br>:  Domestic Relations)<br>:<br>:  **FINAL JUDGMENT ENTRY &**<br>:  **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 22, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

TUCKER, J., and LEWIS, J., concur.

**OPINION**
CLARK C.A. No. 2025-CA-18

K.O.H., Pro Se Appellant
C.K.R.M., Pro Se Appellee

EPLEY, P.J.

{¶ 1} K.O.H. appeals from the trial court's dismissal of his "motion to dismiss and vacate ex parte civil stalking protection order." For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On September 26, 2024, C.K.R.M. sought a civil stalking protection order (CSPO) against K.O.H., her former boyfriend, after he repeatedly contacted her and her family and friends despite her requests for him to stop. C.K.R.M. asked for and received an ex parte CSPO, which indicated that a full hearing would be held before a magistrate on October 10, 2024. Due to issues regarding service of the ex parte order on K.O.H., the full hearing was rescheduled for November 14, 2024.

{¶ 3} Both parties appeared for the full hearing. A week later, the magistrate issued a CSPO, effective until September 26, 2029. He found that K.O.H. had knowingly engaged in a pattern of conduct that caused C.K.R.M. to believe that he would cause her physical harm or had caused mental distress. The magistrate did not make specific factual findings. Among the restrictions in the CSPO, K.O.H. was prohibited from possessing, using, carrying, or obtaining any deadly weapon, and he was required to turn over all deadly weapons that he owned.

{¶ 4} The trial court adopted the magistrate's decision, and the order was journalized on November 22, 2024. Five days later, the trial court issued an amended CSPO,

correcting K.O.H.'s name. The original CSPO and the amended CSPO were mailed to K.O.H. at the address he had provided at the November 14, 2024 hearing. The original CSPO was returned to the clerk's office showing "vacant" and "unable to forward." The amended CSPO was returned with the notations "not deliverable" and "unable to forward."

{¶ 5} K.O.H. did not file objections within 14 days of the filing of the trial court's adoption of the magistrate's decision, as provided in Civ.R. 65.1(F)(3)(d).

{¶ 6} On January 31, 2025, K.O.H. filed a "motion to dismiss and vacate ex parte civil stalking protection order" with a memorandum titled "Notice of Appeal for Protection Order 01/31/2025." In his memorandum, K.O.H. stated that he wanted "to make this my formal appeal against the protection order placed against me by [C.K.R.M.]." He argued that he was not a threat and had never posed a threat to C.K.R.M.; he asserted that no evidence was presented to support the CSPO. He expressed frustration that C.K.R.M. had filed a petition for a CSPO against him and had "not accept[ed] any accountability for what she did" to hurt him emotionally. K.O.H. noted that he had never been served with the CSPO.

{¶ 7} Addressing K.O.H.'s filing as a motion rather than objections, the trial court dismissed the motion. It held that the filing was "legally insufficient" in multiple respects: the caption was incorrect, the ex parte CSPO was no longer in effect, there was no request for service or certification for service, and K.O.H. had failed to provide his address. The court further stated that both parties were provided copies of the final CSPO at their last known addresses and that K.O.H.'s document was filed long after objections were due.

{¶ 8} K.O.H. appeals from the trial court's judgment, raising five assignments of error. They state:

1. The trial court erred when adopting Magistrate's decision granting [C.K.R.M.'s] motion for a Civil Stalking Protection Order, although such order

was unsupported by the quantum of evidence required by law.

2. The trial court erred in violating 14th amendment rights to due process in denying objection to Magistrate's decision stating: "A hearing took place before the Magistrate on November 14, 2024, and the Petitioner was present, however, the Respondent was not."

3. The trial court erred in failing to address [the trial court's] denial of respondent's motion objecting to Magistrate[']s decision on grounds that there was no competent, credible evidence supporting stalking charge.

4. The trial court erred in granting Civil Stalking Protection Order for 5 years. This is excessive and is without merit.

5. The trial court erred in granting CSPO that violates 2nd Amendment right to bear Arms.   This 'deadly weapon' firearm restriction was not supported by any sufficient evidence.

We will address the assignments of error together.

## II. Law and Analysis

{¶ 9} R.C. 2903.214 provides for the issuance of protection orders for persons who are victims of menacing by stalking.  *See Clements v. Brown*, 2022-Ohio-1959, ¶ 8 (2d Dist.).   The petitioner may request an ex parte order, and a hearing must be held as soon as possible but no later than the next day that court is in session after the petition is filed. R.C. 2903.214(D)(1).   If an ex parte order is issued, the court generally must schedule a full hearing within 10 days of the ex parte hearing.   R.C. 2903.214(D)(2)(a).

{¶ 10} "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident

on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "[T]he magistrate's grant or denial of a protection order after a full hearing is not effective until adopted by the court." *Heimann v. Heekin*, 2014-Ohio-4276, ¶ 7 (1st Dist.), citing Civ.R. 65.1(F)(3)(c). A trial court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing becomes effective when it is signed by the court and filed with the clerk. Civ.R. 65.1(F)(3)(c)(v); *Florenz v. Omalley*, 2020-Ohio-4487, ¶ 7 (2d Dist.).

{¶ 11} Pursuant to Civ.R. 65.1(G), a trial court's decision to adopt a magistrate's decision that grants or denies a CSPO is a final appealable order. However, prior to filing an appeal, a party must file objections to the trial court's order within 14 days of the filing of the order. Civ.R. 65.1(G); Civ.R. 65.1(F)(3)(d)(i). Objections based on the evidence must be supported by a transcript of all the evidence submitted to the magistrate. Civ.R. 65.1(F)(3)(d)(iii). A party may not challenge the protection order on appeal if objections were not filed. *Florenz* at ¶ 10.

{¶ 12} R.C. 2903.214 does not expressly provide for the modification or termination of a CSPO. *Contrast* R.C. 3113.31(E)(8) (providing for the modification or termination of a protection order or consent agreement under that statute); *see* R.C. 2903.214(J) (addressing assessment of costs and fees for, among other things, modification or dismissal of a protection order). Nevertheless, some Ohio appellate districts have held that an order made pursuant to R.C. 2903.214 is subject to modification or termination "if the movant shows that the original circumstances have materially changed and it is no longer equitable for the order to continue." *Jones v. Hunter*, 2009-Ohio-917, ¶ 12 (11th Dist.), quoting *Prostejovsky v. Prostejovsky*, 2007-Ohio-5743, ¶ 26 (5th Dist.) (an order under R.C. 2903.214 is injunctive relief provided by statute). "The burden of proof required to terminate a CSPO is whether the petitioner demonstrates a material change of circumstances by a

preponderance of the evidence." *McMullen v. Withrow*, 2022-Ohio-657, ¶ 14 (11th Dist.), citing *Reising v. Reising*, 2017-Ohio-2859, ¶ 13 (8th Dist.).

{¶ 13} In this case, our analysis is complicated somewhat by the ambiguous nature of K.O.H.'s January 31, 2025 filing. The trial court construed it as titled, a motion to dismiss and vacate the ex parte CSPO. The motion was filed using Form 16.30-C (a form designed to be filed by the petitioner), which was adopted by the Ohio Supreme Court in April 2021 in conjunction with rules governing mediation of CSPO cases. *See* Super.R. 16.30. The trial court dismissed K.O.H.'s motion due to various defects in the motion, as well as K.O.H.'s failure to file timely objections. In contrast, K.O.H. characterizes his January 31, 2025 motion as objections to the trial court's adoption of the magistrate's decision. This is consistent with his detailed memorandum in support of the motion, which challenges the issuance of the CSPO after the final hearing. Viewing the January 31, 2025 filing as a whole, it appears that the document is more properly construed as objections under Civ.R. 65.1. Ultimately, though, it makes no difference how we construe K.O.H.'s filing.

{¶ 14} Even if we were to construe the January 31, 2025 filing as objections to the final CSPO and deem them timely due to lack of service, K.O.H. did not provide a transcript of the final hearing to the trial court. A transcript of the November 14, 2024 hearing was prepared for this appeal, but our review is limited to the record that was before the trial court when it made its decision on K.O.H.'s January 31, 2025 filing. *E.g., Bank of Am., N.A. v. Shailer*, 2021-Ohio-3939, ¶ 14 (2d Dist.). We cannot consider what the trial court did not. Without the written transcript, we have no record of the evidence presented at the hearing, and we cannot speculate about what was said.

{¶ 15} In short, while the trial court did not review the merits of K.O.H.'s objections, we have nothing with which to review the trial court's decision even if it had. Rather, "we

are constrained to presume the regularity of the trial court's proceedings and that the evidence before the trial court supported the trial court's judgment." (Citations omitted.) *Payne v. Payne*, 2017-Ohio-8912, ¶ 7 (2d Dist.). Given the limited record before us, we cannot conclude that the trial court erred in issuing the CSPO against K.O.H. after the full hearing. While the better course would have been to deny the filing on the merits, rather than dismiss K.O.H.'s objections, the trial court did not err in rejecting K.O.H.'s filing.

{¶ 16} Assuming that K.O.H. could move to terminate either the ex parte or final CSPO and ignoring any defects in the motion itself, the ex parte CSPO was no longer in effect, and K.O.H. did not assert that there had been any material change of circumstances that rendered the final CSPO inequitable. A motion to terminate a CSPO is not the appropriate vehicle for challenging the initial issuance of the CSPO. Accordingly, the trial court's dismissal of K.O.H.'s filing, when construed as a motion, was proper.

{¶ 17} K.O.H.'s assignments of error are overruled.

### III. Conclusion

{¶ 18} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.